THE STATE OF IOWA, Appellee, v. DAVID ROSCUM, Appellant.

Prosecution for Malicious Mischief: EVIDENCE FOREIGN TO INDICTMENT: MISCONDUCT. Repeated efforts to introduce evidence
1   of defendant's guilt of distinct offenses other than the one charged in the indictment, is such misconduct as will justify a reversal where proof of guilt of the crime charged is not clear and convincing.

Same: REBUTTAL. A denial on cross examination by defendant
2  of offenses not charged in the indictment will not authorize
the admission of evidence by the state in respect thereto, nor
is the same admissible in rebuttal.

Same: UNLAWFUL INTENT PRESUMED: INSTRUCTION. Where one
3  enters upon the premises of another in the night time and
pulls up, removes and appropriates fruit trees, the wrongful
intent is presumed, and evidence of other similar acts is in-
admissible, and it is error to instruct the jury that they may
consider the same in connection with the evidence of the
crime charged.

*Appeal from Des Moines District Court.*—HON. JAMES D.
SMYTH, Judge.

FRIDAY, JANUARY 30, 1903.

INDICTMENT charges defendant with malicious mischief
in pulling up and severing from the land of one Anderson
thirty-six peach trees and five apple trees. There was a
verdict of guilty, and judgment imposing fine and impris-
onment, from which defendant appeals.—*Reversed.*

*Dodge & Dodge, George S. Tracy* and *C. L. Poor* for
appellant.

*Chas. W. Mullan,* Attorney General, and *Seerley &
Clark* and *C. C. Clark,* County Attorney, for the State.

WEAVER, J.—Upon the trial the state placed one
Leake upon the witness stand, and offered to prove by him
that in the fall of the year 1900 he lost several geese, and
afterward "saw geese exactly like them" on the farm of
the defendant. This testimony being ruled out, the state
further offered to prove by one Hunt other alleged facts
of the same character. Objection to this offer being also
sustained, a third witness—one Becker— was produced, by
whom it was proposed to give evidence upon "a similar
charge." These repeated attempts to bring before the
jury irrelevant and prejudicial matter is assigned by

appellant as misconduct on part of the prosecuting attorney, having a distinct tendency to prevent a fair trial upon

1. EVIDENCE foreign to indictment: misconduct.

the particular charge made in the indictment; and we have to say we think the complaint is well-founded. The appellant was upon trial for alleged malicious mischief or trespass in pulling up and removing certain fruit trees. The fact that certain persons might know or believe that on other occasions, and at other times and places, this man had been guilty of other and distinct offenses had no tendency whatever to prove his guilt of this particular trespass, and it is scarcely conceivable that it could have been offered by any lawyer in the belief that it was admissible.

A somewhat similar question was considered by us in *State v. Gadbois*, 89 Iowa, 32, and while condemning the practice, we declined to reverse upon that ground alone, saying: "Improper questions are sometimes asked in good faith, without any sinister motive; and, when objections to them are sustained, the fact that they were asked should not be deemed sufficient ground for a new trial, unless there is at least reasonable presumption that prejudice has resulted from them." In that case the improper offer was not repeated by the prosecutor, and the presumption of good faith was held sufficient to prevent a reversal. In the present case, if the first offer could be excused as an act of good faith under a mistaken view of the legal rights of the state, no such charitable presumption can be invoked for the second and third attempts. Indeed, the purpose to get before the jury by indirection the fact that appellant was charged with other depredations, and thereby put him to a disadvantage in the pending trial, is too clear to admit of doubt. If convictions cannot be otherwise secured, it is far better to permit the guilty to go unpunished than to resort to expedients which are essentially unfair, and destructive of the settled rules of evidence.

Commenting upon a like assignment of error in *State v. Ean*, 90 Iowa, 537, we had occasion to say: "If there was any reasonable doubt in our minds of the defendant's guilt, we should promptly reverse this case for these attempts to inject into the case matters which the county attorney must have known were improper." The proof of guilt in the present instance is by no means so clear and indisputable as to convince us that appellant was not prejudiced by this conduct on part of the prosecutor. In support of this holding, see *U. S. v. Cross*, 19 D. C. 562; *People v. Wells*, 100 Cal. 459 (34 Pac. Rep. 1078); *Randall v. State*, 132 Ind. 539 (32 N. E. Rep. 305); *People v. Cahoon*, 88 Mich. 456 (50 N. W. Rep. 384); *People v. Mullings*, 83 Cal. 138 (23 Pac. Rep. 229, 17 Am. St. Rep. 223); *Leahy v. State*, 31 Neb. 566 (48 N. W. Rep. 390).

II.   The appellant was a witness in his own behalf. On cross-examination by counsel for the state he was asked "if it was not true that a little over a year ago he

2. SAME: rebuttal. went with his hired man around Anderson's into the plum patch, and have a sack full of plums," etc. This was answered in the negative, and he also said that for two years he had not been upon Anderson's premises farther than the house. In rebuttal one Frank Anderson, for the state, was permitted, over defendant's objection, to testify, that "two years ago last plum time" he found defendant and another person in the plum orchard of the prosecuting witness, and saw them take plums from the trees. The admission of this testimony was error. Its objectionable character is so apparent that it seems scarcely necessary to discuss it. As already suggested, an accused person is not to be proved guilty of one crime by proving that he has committed another. *State v. Walters*, 45 Iowa, 390; 1 Greenleaf, Evidence, sections 51, 52; *Shaffner v. Com.*, 72 Pa. St. 63 (13 Am. Rep. 649); *Com. v. Jackson*, 132 Mass. 16. See, also, directly in point, *State v. Fitchette*, — Minn. — (92 N. W.

Rep. 527). Neither was the evidence available to the
state, as claimed, by way of rebuttal. The matter sought
to be rebutted was brought out by the state upon cross-
examination, and a party cannot obtain the right to intro-
duce matters otherwise irrelevant and immaterial by the
simple expedient of first obtaining a denial of them upon
cross-examination of an opposing witness. 1 Greenleaf,
Evidence, 449; *Swanson v. French*, 92 Iowa, 695.

III. The trespass relied upon by the state to sustain
the indictment was committed on the night of May 1, 1901,
and the evidence offered tended to show that on said night

3. SAME: un-
lawful intent
presumed:
instruction.

thirty-six peach trees and five apple trees
were taken by some one from Anderson's
orchard. The state was also allowed to prove
that on the night of April 15th of the same year another
similar trespass was committed, and to show facts tend-
ing, it is claimed, to point out the defendant as being
guilty of this offense also. Appellant complains of the
admission of this testimony, but the record seems to in-
dicate that no objection was made to it. Exception was
taken, however, to the sixth paragraph of the court's
charge to the jury, which involves substantially the same
question. In this instruction the jury are told that they
cannot convict the defendant of any other crime than the
one alleged to have been committed on May 1, 1901, but
that it will be proper for them to consider the conduct of
defendant previous to that time, so far as it may throw
light upon the facts directly in controversy, or aid in ex-
plaining or showing the connection of other evidence ad-
mitted for their consideration.

We think this instruction cannot be approved. It, in
effect, announces the proposition which we have already
negatived that the jury may consider evidence of defend-
ant's guilt of other and distinct offenses in determining
his guilt or innocence of the particular offense for which
he is being tried. In a few exceptional cases the rule

suggested by the instruction does prevail, but, generally speaking, it applies only to cases in which the criminal character of the act charged depends upon the specific intent with which it is committed, and in such cases other similar acts may be proven as bearing upon the question of fraudulent intent or guilty knowledge. The crime charged in this case is not one of that nature. If a man, without permission or authority, enters upon his neighbor's premises in the night time, and secretly pulls up, removes and appropriates fruit trees there found, the unlawful intent is presumed, and it does not require proof of other similar acts to give it character. We conclude, therefore, that this instruction should not have been given.

In view of the necessity of a new trial, we do not discuss or pass upon the sufficiency of the evidence to sustain a conviction.

For the reasons stated, a new trial is ordered, and cause is remanded to the district court for that purpose.— REVERSED.