T. J. PRIOR, PLAINTIFF IN ERROR, v. E. OGLESBY, DEFENDANT IN ERROR.

1.  Whatever evidence is offered which will assist in knowing which party speaks the truth of the issues in an action is relevant, and, when to admit it does not override other formal rules of evidence, it should be received.

2.  Where the issue in the case was whether logs were delivered to the defendant under a contract with a third party, or whether the plaintiff delivered a portion of the logs under a contract with the defendant, and the third party had testified as a witness for the plaintiff that the defendant did not pay him for the logs hauled by the plaintiff, the defendant should be allowed to show by cross examination of this witness that he had paid this witness for the hauling of all the logs in contradiction of the witness, and as tending to show that the contract, under which all the logs were hauled, was made with the third party and not with plaintiff.

This case was decided by Division B.

Writ of Error to the Circuit Court for Santa Rosa County.

The facts in the case are stated in the opinion of the Court.

*Daniel Campbell & Son,* for Plaintiff in Error.

No appearance for Defendant in Error.

PARKHILL, J. The defendant in error, who was the plaintiff below, sued the plaintiff in error in an action of assumpsit in the Circuit Court of Santa Rosa county; the declaration, filed December 7, 1903, containing the com-

mon counts for goods bargained and sold, account stated, money paid, money received and work and materials, with a bill of particulars for hauling logs $280.00.

The defendant filed his plea "never was indebted," and issue being joined thereon the cause was tried before a jury in September, 1904. There was a verdict and judgment for the plaintiff of $220.40, to which judgment this writ of error is taken.

1. The first assignment of error is based upon the action of the trial court in sustaining the objection of the plaintiff to the following question propounded to the witness T. J. Oglesby, upon cross examination by defendant's attorney, to-wit: "How much had Mr. Prior paid you on those logs prior to the time he gave you the draft?" This question was objected to by the plaintiff because it was irrelevant.

The issue in the case at bar was whether the defendant had made a contract with plaintiff and owed him for hauling certain logs. The plaintiff, Elerson Oglesby, was the first witness in his own behalf, and testified that he and the witness T. J. Oglesby, known as Jeff Oglesby were brothers; that the defendant hired Elerson to haul certain logs and to deliver them to Prior's mill; that Jeff was logging for the defendant when Elerson went there to work; that Jeff and Elerson cut the logs from the same lands and hauled them to the same landing, the logs were all branded in the same brand, and that the defendant owed him for hauling a portion of the logs so delivered.

T. J., or Jeff Oglesby, a witness for the plaintiff, testified that he made a contract with the defendant to haul logs; that he was hauling the logs before and at the time Elerson came there to haul; that he and Elerson hauled the logs from the same lands; that the logs hauled by

Elerson and Jeff were marked in the same brand and were put on the same landings; that he and Elerson had so delivered together 1700 logs, of which he had delivered about one half; that he was present when Elerson demanded settlement of Prior once early in the Spring and once early in June, 1902, when Prior paid him. Jeff, a draft on the logs for $285.00; that he had given numerous orders on Prior for goods before the draft was given him; that Prior paid him some money, but that had nothing to do with the logs hauled by Elerson; that Prior did not pay him for the logs hauled by Elerson.

After testifying as above stated, the witness Jeff Oglesby was asked on cross-examination: "How much had Mr. Prior paid you for these logs prior to the time he gave you the draft?" This question was clearly relevant to the issue whether all the logs were delivered to the defendant by and under a contract with Jeff Oglesby only, as the defendant was contending; or whether the plaintiff Elerson Oglesby had delivered a portion of these logs under a contract with the defendant. The defendant should have been allowed to show by examination of this witness, if he could do so, that he had paid the witness Jeff Oglesby for the hauling of all these logs as tending to show, in contradiction of the witness, that Prior did pay Jeff for the logs hauled by Elerson, and as tending to show that the contract under which all the logs were hauled was made with Jeff and not with Elerson Oglesby. It follows that this testimony, which assisted in making known the truth upon this issue, was relevant, and the court erred in sustaining the plaintiff's objection thereto, as the admission of this testimony did not override other formal rules of evidence. Planter v. Planter, 78 N. Y. 95.

II. The second, third, fourth, fifth, sixth and seventh assignments of error have been argued together, and will be so considered. These assignments of error are based upon the refusal of the trial court to permit the defendant to introduce and read in evidence certain orders for money and supplies drawn by T. J. Oglesby on the defendant on account of the hauling of the logs in question. For the reasons already given in discussing the first assignment of error, these orders ought to have been allowed in evidence, and the court erred in excluding them from the consideration of the jury.

The judgment is reversed, at the cost of the defendant in error.

TAYLOR and HOCKER, JJ., concur.

SHACKLEFORD, C. J., and COCKRELL and WHITFIELD, JJ., concur in the opinion.