JAMES T. McBRAYER v. STATE.

150 So. 736.
Division A.
Opinion Filed October 19, 1933.

*J. T. McBrayer,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Dewey A. Dye;* State Attorney for the Eighteenth Judicial Circuit, for Defendant in Error.

PER CURIAM.—In the trial of charge against the plaintiff in error, James T. McBrayer, for withholding the means of support from his wife and children, the defendant below, a member of the bar, took the witness stand in his own behalf, and proceeded to narrate the early history of his married life, the status of his law business which had enabled him to support his wife and children in the past, and other circumstances concerning the same that were of a date more than two years prior to the date of the finding of the indictment.

The State's Attorney objected to the testimony as being too remote, and moved the court to instruct the defendant to confine his statement to the two years immediately previous to the filing of the indictment.

The objection of the State's Attorney was sustained and the trial judge then instructed the witness as follows:

"'Mr. McBrayer, I would suggest that the jury is interested, under the charge the Court will give in this case, in knowing whether you have ability and have been able physically and have been equipped and qualified to have provided for the support, at least to some extent, for your wife and children during the two years immediately prior to the time when this indictment was returned; whether you have withheld the means of support from your dependents in any way; whether you have been able to have contributed to their needs, which you did not do, within the two years before the indictment returned here was filed; if you will confine your testimony to that it will aid the jury materially. The jury is not interested in what may have

happened several years before the filing of the indictment, unless you are living separate and apart from your wife for some cause provided in the statute.' To which ruling and statement of the Court the defendant did then and there except."

The defendant on trial was a member of the bar who was undertaking to present his own defense to the charge, which defense was that, through no fault of his own, he had been unable to make enough money in his law practice after moving his office to Tampa, to send his wife and children more money than the wife, the only State's witness, had testified that he had sent.

The particular criticism which is directed against the judge's statement made in the presence of the jury, is that in such remark the suggestion may be found that the trial judge was possessed of knowledge that the defendant had not contributed to his family's needs when he used the expression, "which you did not do," in the statement as hereinabove quoted.

Undoubtedly the learned trial judge intended his remarks in the particular referred to, to be understood as purely hypothetical, and if so understood by the jury, they were in no wise improper. But in cases like this it is not always the correct construction of language that prevails with the jury, but the impression that is created by the whole statement when given hurriedly in the course of a trial without the opportunity to look at it in cold type and spell out its meaning as has been done in the brief for the State in this case.

In Stedman v. State, 80 Fla. 547, 86 Sou. Rep. 428, this Court has stated the law in cases like this to be:

"Withholding the means of support means something more than failure to support or non-support. It presup-

poses the existence or the ability to obtain the means of support by the accused and need by the alleged dependent or dependents from whom support is withheld. That which has no existence, actual or potential, cannot be withheld; neither can that be withheld which is already possessed.

"Statutes such as that under consideration are not substitutes for statutes affording civil remedies in such cases."

The defendant on trial, who was known to the jury to have been a member of the bar of the court of the presiding judge, was endeavoring to bring himself within the rule of the case just cited, by showing by his own testmony that he had always supported his wife and children from the time of his marriage many years before, until and after the date of his indictment, as best he could with his earning ability as a lawyer during the "boom" period and afterwards during the "depression" period, and that it was entirely due to the "depression" that he had sent his wife and children no more money from his Tampa law practice than she testified he had sent to her.

Under the circumstances, the jury might well have construed the statement, "which you did not do," coming from the trial judge at the time and under the circumstances that it did, as being some finding on the judge's part that it had become known to him that the defendant, a former practitioner at the judge's bar, had not been contributing to his family's support, the family being in Palmetto and the defendant having gone to Tampa, so he said, to see if he could not do better there in his practice than in Palmetto in Manatee County.

But aside from this, the defendant was not limited in testifying to the period of two years immediately preceding the indictment, in giving testimony concerning his family affairs, from which the jury would be able to draw the de-

duction whether his alleged withholding support from his family was deliberate on his part, and without excuse, or was caused by his lack of earning capacity, a circumstance over which he had no control.

Here was involved and required to be decided by the jury, the question whether or not the defendant had "feloniously" abandoned his wife and children by moving away from them to Tampa, leaving them with relatives at ·Palmetto, or had moved to Tampa, as he testified, in a *bona fide* effort to make himself better able to support those ·whom he had left. behind, which effort hâd been fruitless because of the "depression."

Whatever evidence is offered which will assist in knowing which party speaks the truth of the issues in an action is relevant, and, when to admit it, does not override other formal rules of ·evidence, it should be ·received. Prior v. Oglesby, 50 Fla. 248, 39 Sou. Rep. 593.·

Upon this principle evidence of acts or conduct prior to the period covered by an indictment has been held admissible when it tends to explain the acts alleged to have been committed within the period covered by the indictment charge. Toll v. State, 40 Fla. 169, 23 Sou. Rep. 942; Parramore v. State, 81 Fla. 621, 88 Sou. Rep. 472.

In this case evidence on behalf of the State showing a systematic practice of desertion, or withholding support, prior to the period of two years preceding the indictment would have been admissible to show the defendant's more recent guilty intent and practice of unlawfully trying to evade his responsibility to his family for their support. See Suarez v. State, 95 Fla. 42, 115 Sou. Rep. 519. And on the same principle, where a defendant husband is charged with the felonious crime of "withholding" support from his family, he is entitled to show that what is claimed to be

a recent unlawful "withholding," is merely an unfortunate circumstance of the present, as evidenced, in part at least, by the fact that he, as a husband and father, had always in the past, while in good circumstances, done his full duty of furnishing support to those whom the law had made his dependents.

It must not be overlooked that the statute under which the defendant was indicted, makes the crime charged a felony. As such it is an infamous offense, that disqualifies the convicted husband from exercising certain of his civil rights, even after he has fully suffered all the punishment authorized to be imposed. The statute was not intended as substitute for the civil proceedings which are available to a wife to compel a husband to contribute a reasonable part, even if small, of his actual earnings toward his family's support. On the contrary it was intended to reach and punish that husband who, without semblance of any excuse, resorts to a course of conduct that casts upon others the responsibility that is his, for the support of his wife, or children, or both. See Gallemore v. Gallemore, 115 Mo. App. 179, 91 S. W. Rep. 406, text 409, followed and affirmed in State v. Burton, 267 Mo. 61, 183 S. W. Rep. 315.

The evidence at the trial of this case was simply the testimony of the wife, the sole State's witness, against that of the accused husband, sole defendant's witness. While it is not intimated that a husband cannot be legally convicted of a charge like this solely on the testimony of his wife, the circumstances of this case require a new trial to be granted in order that all legally admissible testimony may be duly considered by the jury, and doubtful procedural objections of the trial already had, eliminated on a future trial.

Reversed for a new trial.

Davis, C. J., and Whitfield, Ellis, Terrell, Brown and Buford, J. J., concur.