I. J. PATRICK, SR., v. STATE.

158 So. 101.
Opinion Filed September 25, 1934.
Opinion on Rehearing Filed November 30, 1934.

R. Percy Jones and E. M. Magaha, for Plaintiff in Error;

Cary D. Landis, Attorney General, and Roy Campbell, Assistant, for the State.

PER CURIAM.—Upon an indictment charging murder in the first degree by shooting with a pistol, a verdict of guilty

of manslaughter was returned, upon which the defendant was sentenced to imprisonment for ten years in the State penitentiary.

The *corpus delicti* was clearly proven, and there is ample evidence legally sufficient to sustain the verdict beyond a reasonable doubt, that the deceased was killed by a pistol shot discharged by the defendant.

No material error was committed in the admission of evidence over appropriate objection, as to the financial circumstances of the defendant just prior to the homicide and the possession by him of money just after the event. Without reference to such evidence and other testimony admitted over objection, there is ample evidence to sustain the conviction.

Affirmed.

WHITFIELD, ELLIS, and BROWN, J. J., concur.

DAVIS, C. J., and BUFORD, J., dissent.

BUFORD, J. (dissenting).—In this case the State relied upon circumstantial evidence for a conviction.

Those circumstances relied upon, if sufficient to prove anything against the defendant, pointed to guilt of murder in the first degree perpetrated for the purpose of robbing the deceased of a considerable sum of money which he probably had on his person. If the defendant was guilty at all there could be no reasonable question as to the degree of unlawful homicide of which he was guilty.

I think the evidence falls far short of meeting the rule which is required where circumstantial evidence alone is relied upon for a conviction. There is no evidence in the record to support a conviction upon a theory of manslaughter.

Therefore, it appears to me that the verdict of manslaughter is a very positive indication that the jury enter-

tained a very serious and reasonable doubt as to whether or not the accused actually killed the deceased.

It appears to me that it is a verdict which is the result of suspicion. The evidence is sufficient to create a very strong suspicion, but it is not sufficiently strong and cogent to exclude every reasonable hypothesis except that of the defendant's guilt.

I, therefore, think that justice demands a reversal of the judgment and the awarding of a new trial.

DAVIS, C. J. (dissenting).—The indictment in this case reads as follows:

"The Grand Jurors of the State of Florida, inquiring in and for the body of the County of Charlotte, upon their oaths present that I. J. Patrick, Sr., whose Christian name is to the Grand Jurors unknown, on the 21st day of September, 1932, at and in the County of Charlotte aforesaid, unlawfully and from a premeditated design to effect the death of one LEE EVANS, did kill Lee Evans by shooting him with a pistol; contrary to the form of the statute in such case made and provided and against the peace and dignity of the State of Florida."

Section 7142, 5040 R. G. S., is as follows:

"Every person deliberately assisting another in the commission of self-murder shall be guilty of manslaughter. (Ch. 1637, Sub.-Ch. 3, Aug. 6, 1868, Sec. 9.)"

At the trial evidence was adduced presenting as one of the State's theories of its case the accusation that if the accused did not himself kill the deceased, that by his own admissions he had assisted the deceased to kill himself. Thereupon the court charged the jury as follows:

"If you do not believe the defendant is guilty of murder in the second degree then you may consider whether he is guilty of manslaughter.

"The court charges you that every person who deliberately assists another in the commission of self murder shall be guilty of manslaughter. If you find from the testimony in this case beyond a reasonable doubt that the deceased, Evans, took his life by shooting himself with a pistol at the time alleged in the indictment in this case and the jury further believe from the testimony in this case beyond a reasonable doubt that the defendant, Patrick, was present and actively aiding and assisting the deceased man to kill himself, with intent that the deceased should take his own life, then you will find the defendant guilty of manslaughter. If you find from the testimony in this case that the deceased, Evans, had determined to take his own life and had communicated that design or purpose to the defendant in this case and the defendant purposely met the deceased, with intent to assist and aid the deceased in killing himself, and further find that the defendant then and there did actively aid and render assistance in any manner to the deceased in taking his own life with intent on the part of the defendant that the deceased should take his own life then you will find the defendant guilty of manslaughter. On the other hand, if you find that the deceased took his own life but that the defendant, although present, rendered no assistance to the deceased in killing himself then the defendant would not be guilty."

So the question was presented to the trial judge whether a person can be convicted of manslaughter under an indictment charging murder in the first degree, upon evidence showing that defendant was guilty of deliberately assisting another in the commission of suicide in violation of Section 7142 C. G. L., *supra*.

Undoubtedly a charge of ordinary manslaughter is embraced in an indictment for murder in the first degree. See

7 Encyclopedic Digest Florida Reports, par 31D for authorities supporting the foregoing rule.

But do not think this rule applies to a case like this where the crime of manslaughter is made so only by a special statute attributing guilt of manslaughter to a special state of facts that without the special statute (Such as Section 7142 C. G. L., in this case) would not be manslaughter within the ordinary definition of manslaughter contained in Section 7141 C. G. L., 5039 R. G. S.

The majority opinion affirms the conviction on the theory that there is sufficient evidence to sustain a finding of guilt of manslaughter without regard to Section 7142 C. G. L., relating to assisting one to commit self murder. I could concur in this finding of the majority opinion but for the fact that the court below submitted the issues to the jury on the erroneous theory that one can be convicted of violating Section 7142 C. G. L., under an ordinary indictment for murder in the first degree.

My view is that the only reason for allowing a conviction for manslaughter to stand under an indictment for murder in the first degree is because the charge of the ordinary offense of manslaughter is comprehended in the ordinary charge of first-degree murder. But this reasoning cannot apply to a charge of assisting in self murder because that charge is a special one, not comprehended in the ordinary charge of murder in the first degree, and as such should be specially laid in the indictment.

So viewing the case, I respectfully dissent from affirmance under the circumstances.

## ON REHEARING

PER CURIAM.—Rehearng having been granted in this case, it is now before the court for further consideration and determination on rehearing.

The indictment charged murder in the first degree and described the act causing death as an act of shooting with a pistol committed by the defendant against the person of deceased.

At the trial the court, over objections of the defendant, gave to the jury a charge predicated on Section 7142 C. G. L., 5040 R. G. S., as follows:

"If you do not believe the defendant is guilty of murder in the second degree then you may consider whether he is guilty of manslaughter.

"The court charges you that every person who deliberately assists another in the commission of self murder shall be guilty of manslaughter. If you find from the testimony in this case beyond a reasonable doubt that the deceased, Evans, took his life by shooting himself with a pistol at the time alleged in the indictment in this case and the jury further believe from the testimony in this case beyond a reasonable doubt that the defendant, Patrick, was present and actively aiding and assisting the deceased to kill himself, with intent that the deceased should take his own life, then you will find the defendant guilty of manslaughter.

"If you find from the testimony in this case that the deceased, Evans, had determined to take his own life and had communicated that design or purpose to the defendant in this case and the defendant purposely met the deceased, with intent to assist and aid the deceased in killing himself, and further find that the defendant then and there did actively aid and render assistance in any manner to the deceased in taking his own life with intent on the part of the defendant that the deceased should take his own life then you will find the defendant guilty of manslaughter. On the other hand, if you find that the deceased took his own life but that the defendant, although present, rendered no as-

sistance to the deceased in killing himself then the defendant would not be guilty."

Upon rehearing a majority of the Court are of the opinion that the giving of this charge was error. The allegation of the indictment is that the *defendant* shot the deceased, not that deceased shot himself with defendant's aid and assistance. So the unlawful act described in the indictment is not the description of a crime within the purview of Section 7142 C. G. L., 5040, R. G. S.

Where an indictment charges an unlawful homicide of one kind as having been committed by a particular means duly described in the indictment, a conviction of homicide of a different kind alleged to have been committed in a different manner and by a different means not described in the indictment, although based upon sufficient evidence to make out the latter offense, cannot be upheld, and it is error for a court to so charge the jury.

Reversed on rehearing and a new trial awarded.

DAVIS, C. J., and WHITFIELD, TERRELL and BUFORD, J. J., concur.