I. J. PATRICK, SR., v STATE.

172 So. 474.

Opinion Filed July 9, 1936.
On Rehearing February 4, 1937.
Extraordinary Petition for Rehearing Denied February 23, 1937.

*W. W. Sinclair* and *Waller & Meginnis,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant Attorney General, for the State.

PER CURIAM.—In this cause Mr. Chief Justice WHITFIELD, Mr. Justice TERRELL and Mr. Justice BROWN are of the opinion that the judgemnt of the Circuit Court should be affirmed, while Mr. Presiding Justice ELLIS, Mr. Justice BUFORD and Mr. Justice DAVIS are of the opinion that the said judgment should be reversed for a new trial. When the members of the Supreme Court sitting six members in a body and after full consultation, it appears that

the members of the Court are permanently and equally divided in opinion as to whether the judgment should be affirmed or reversed, and there is no prospect of an immediate change in the personnel of the Court, the decree should be affirmed; therefore it is considered, ordered and adjudged under the authority of State, *ex rel.* Hampton, v. McClung, 47 Fla. 224, 37 So. Rep. 51, that the judgment of the Circuit Court in this cause be and the same is hereby affirmed.

Affirmed.

WHITFIELD, C. J., and ELLIS, TERRELL, BROWN, BUFORD and DAVIS, J. J., concur.

DAVIS, J. (For reversal of judgment).—My vote for reversal of judgment in this case is founded upon the proposition that, where suicide or assassination has become the turning point of the controversy in a criminal trial for alleged murder sought to be established wholly upon circumstantial evidence adduced by the State, acts and declarations of the deceased person made during his life time are admissible in evidence on behalf of the accused to show a deliberate design or intention entertained on the part of the deceased to destroy himself under circumstances indicating murder in order to fortify the collection of a large insurance policy on his life, it having been made to appear that when the accused met his death had outstanding on his life $40,000.00 life insurance which suicide would likely have rendered uncollectible.

The judge rejected this testimony on the ground of remoteness. My view is that under the rule followed in Prior v. Oglesby, 50 Fla. 248, 39 Sou. Rep. 593, and McBrayer v. State, 112 Fla. 415, 150 Sou. Rep. 736, whatever evidence is offered assisting in knowing what the truth is,

becomes and is relevant, and when to admit it does not override other formal rules of evidence, it should be received. In this case the proffered acts and declarations of the alleged murdered man whose body was found shot to death under circumstances that are entirely consistent with the idea of suicide as well as of murder, although remote in point of time from the actual finding of the body, were not remote in point of time from the inception of deceased's alleged plan to insure his life and then kill himself under circumstances indicating murder in order to make safe the collection of the life insurance. Therefore proof of same was relevant and should not have been denied consideration by the jury. In such case the remoteness of the declarations of the deceased concerning his intention to kill himself goes to the weight, not the relevancy of the proffered evidence thereof. Accordingly proof of same should have been allowed to go to the jury for what the evidence was worth, as it tended to throw light upon the conflicting issue of suicide or murder, especially since no other rule of evidence would have been overridden by reason of its admission. So I think the judgment should be reversed for a new trial on this point, the evidence of guilt being wholly circumstantial.

BUFORD, J., concurs.

## ON REHEARING.

TERRELL, J.—Plaintiff in error was indicted and tried for murder in the first degree and convicted of manslaughter. On writ of error to this court the judgment was *reversed* because of an erroneous charge. Patrick v. State, 117 Fla. 432, 158 So. 101. A new trial resulted in a second conviction of manslaughter and a sentence to hard labor for ten years in the State penitentiary. The latter judgment is here for review.

On second writ of error it is contended that the evidence is insufficient to support the verdict and judgment, that the court erred in refusing to permit certain evidence proffered by the defendant to go to the jury, that error was committed in denying the defendant the closing argument to the jury, that error was committed in the refusal of the court to exclude remarks of the State's attorney made in the presence of the jury, and that the court's charge in reference to premeditation was erroneous.

At the trial the State's theory of the case was that the defendant shot Lee Evans, the deceased, through the head and murdered him for the purpose of robbery. The defense was that the deceased killed himself and that he (defendant) was present by prearrangement to hide the evidence of suicide in order that Evans' wife might collect his insurance.

The evidence was all circumstantial, but on the issue thus drawn we find it sufficient to support the verdict and judgment. Two juries have convicted the defendant of manslaughter and both have been approved by the trial court. We, therefore, decline to disturb their finding on this point.

The testimony excluded from the jury had reference to alleged threats of suicide by Evans ten years or longer prior to his death. They were not connected with any recent threats of such conduct on his part and were entirely too remote to be pertinent in this case. No error was committed in excluding them.

The error charged in denying the defendant the right to the closing argument is predicated on Section 8386, Compiled General Laws of 1927, which gives the defendant the right to the closing argument when he offers no evidence but his own.

At the trial of this case other evidence was offered than defendant's and was later stricken. Counsel are in disagreement as to whether all such evidence was stricken, but the record tends to support the State's contention. Even if the fact that it was offered did not remove the bar of the statute we find no reason to reverse the court below on this point.

Other assignments have been examined and under different circumstances they would be material, but on the showing disclosed by the record in this case no reversible error is shown to have been committed, so the judgment below is reaffirmed on rehearing.

ELLIS, C. J., and WHITFIELD and BROWN, J. J., concur.

BUFORD and DAVIS, J. J., dissent.

BUFORD, J. (dissenting).—I cannot concur in the majority opinion because I think the verdict of the jury shows conclusively that the jury entertained a reasonable doubt of the defendant's guilt. If the theory of the State was correct then the accused should have been convicted of murder in the first degree and if the defendant's contention was true then he should have been acquitted. There was no room for a middle ground.