97 So.2d 127 (1957)
Manuel GONZALEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 84.
District Court of Appeal of Florida Second District.
October 2, 1957.
V.R. Fisher, Tampa, for appellant.
Richard W. Ervin, Atty. Gen., Joseph P. Manners and Richard J. Brooks, Asst. Attys. Gen., for appellee.
KANNER, Chief Judge.
The appellant was found guilty of breaking and entering an automobile with intent to commit a misdemeanor, to wit, petit larceny, and sentenced to two years in the state prison.
From appellant's recital of points set forth as bases for appeal, the only questions which emerge as substantial elements for consideration by this court are to be found under his points number three and four, analyzed separately hereinbelow.
Point number three questions whether a conviction is final while on appeal and before the appellate court has ruled on the appeal. Prior conviction for purpose of enhancing punishment in a subsequent case is not here involved. The inception for question three is to be found in testimony elicited by the prosecuting attorney on cross-examination of appellant concerning his prior conviction of the offense of indecent exposure, after appellant had denied any prior conviction except for traffic violation. Appellant had appealed from the prior conviction and the case was still pending at the time of the trial of the instant case.
There appears to be no Florida case directly governing the matter of whether pendency of appeal on a prior conviction would preclude questioning with reference to such prior conviction as affecting *128 credibility of the accused; but in certain other jurisdictions it has been determined that cross-examination of the accused as to a prior conviction is proper as affecting his credibility, although such conviction was pending on appeal. The reasoning is that a conviction extinguishes presumption of innocence and that the judgment of conviction holds fast as a final determination until such time as it might be reversed by the appellate court. This court is in accord with this rule of law. See 58 Am.Jur. section 745, p. 402; Annotations, 6 A.L.R. 1647f; 25 A.L.R. 348f; 103 A.L.R. 367f; Viberg v. State, 1903, 138 Ala. 100, 35 So. 53; and United States v. Empire Packing Co., 7 Cir., 1949, 174 F.2d 16, certiorari denied 337 U.S. 959, 69 S.Ct. 1534, 93 L.Ed. 1758. The trial court was therefore correct in permitting this line of questioning.
Appellant's point number four questions whether appellant was denied a fair trial through remarks of the prosecuting attorney in his concluding argument to the jury, claimed by appellant to be prejudicial, inflammatory, and improper. The portion of the concluding argument claimed to be prejudicial is here quoted:
"Mr. Parham: Now, is it reasonable? I don't think it's reasonable for a man to break into a car in the pitch dark of night at three o'clock in the morning. I don't think it's reasonable. I'm not trying to show that it's reasonable for a man to go out here, a grown man, and commit a crime like that. I don't think it's reasonable for a grown man, over 200 pounds of him to go out here and exhibit himself to a bunch of women, either. I don't think it's reasonable and I don't know why he does it  "
Counsel for appellant objected vigorously to these remarks, moving immediately that the court declare a mistrial on the ground that they were prejudicial and inflammatory. The motion was denied by the court, whereupon appellant's counsel requested the court to instruct the jury to disregard the remarks. This request also was denied. The prosecutor, by his concluding remarks, to which counsel for appellant had no opportunity to reply and which were not, according to the record, retaliatory to anything appellant's counsel had said, introduced prejudicial coloring to the issue at bar, whether calculated or not, through the nature of his reference to the prior conviction. His remarks were fraught with inaccuracy and intimation; the comment, "I don't know why he does it  " employs the present tense and thus indicates or implies the offense as having continuity into the then present, and the words, "bunch of women", were used although not supported by the record; and his statement "I don't think it's reasonable for a man to break into a car in the pitch dark at three o'clock in the morning" had a time implication not contained in the evidence relating to the breaking and entering testified to as being at about one o'clock in the afternoon. The appellant made timely objections. The overruling of appellant's objections could have had the effect of accentuating the remarks of the prosecutor so that the jury could have interpreted the court's ruling as an indication that it was proper for them to weigh these remarks in their consideration of the case.
The prosecuting officer properly functions in a quasi-judicial capacity with reference to the accused, and it is not alone his duty to prosecute but also to see that the accused is accorded a fair and impartial trial. The prosecutor's remarks, with their overtones of implication, depicted with emphasis to the jury misconduct unsavory in nature so as to inveigh passion and prejudice against the appellant, even though it was unrelated in nature to the offense for which he was currently being tried. The trial court should have admonished the jury to disregard these remarks of the prosecuting officer. See Deas v. State, 1935, 119 Fla. 839, 161 So. 729; Gluck v. State, Fla. 1952, 62 So.2d 71; Simmons v. State, 1939, 139 Fla. 645, 190 So. 756; *129 Oglesby v. State, 1945, 156 Fla. 481, 23 So.2d 558; and Noeling v. State, Fla., 1949, 40 So.2d 120.
The judgment of the court below is reversed for new trial.
PLEUS and ALLEN, JJ., concur.