268 So.2d 541 (1972)
James Leroy ROLLE, Appellant,
v.
The STATE of Florida, Appellee.
No. 72-54.
District Court of Appeal of Florida. Third District.
November 7, 1972.
*542 Jack J. Taffer, Miami, for appellant.
Robert L. Shevin, Atty. Gen., and Richard Rosen (Legal Intern), for appellee.
Before PEARSON, HENDRY and HAVERFIELD, JJ.
PER CURIAM.
Defendant-appellant, James Leroy Rolle, was charged by information with aggravated assault and robbery and his trial before a jury resulted in a conviction on both counts.
The first point raised on appeal is directed to alleged prejudicial error resulting from the prosecutor's questioning of defendant concerning admissions purportedly made by him but which were denied and not proven by impeachment of defendant through the testimony of other witnesses. While a representative of the State Attorney's office must vigorously perform all his functions as a prosecutor, he also has the responsibility to ensure that the accused has a fair and impartial trial. Marsh v. State, Fla.App. 1967, 202 So.2d 222; Gonzalez v. State, Fla.App. 1957, 97 So.2d 127. Part of the prosecutor's responsibility is to refrain from striking the "foul blows" contemplated by the United States Supreme Court in Berger v. U.S., 295 U.S. 78, 55 S.Ct. 629, 79 L.Ed. 1314. At all times a prosecutor cannot overstep the bounds of propriety and fairness and he must not resort to improper methods to produce a wrongful conviction. Deas v. State, 119 Fla. 839, 161 So. 729 (1935); Berger, supra. In the instant case the prosecutor did not violate the above guidelines by asking questions which laid the foundation for impeachment where no further attempt to impeach was made. If any error resulted from this conduct it was merely harmless error. Landrum v. State, 79 Fla. 189, 84 So. 535 (1920).
Defendant's next point on appeal questions the sufficiency of the evidence to sustain the verdict of guilty to the offense of robbery. One element of the robbery statute, F.S. § 813.011, F.S.A. requires that the robber's victim be put in fear of great bodily harm. Croft v. State, 117 Fla. 832, 158 So. 454 (1935); Martin v. State, 100 Fla. 16, 129 So. 112 (1930); Stephens v. State, 92 Fla. 43, 109 So. 303 (1926). In the case sub judice this element of the crime was adequately met when the victim stated during the trial: "I assumed he had a revolver or a gun. So I wasn't going to take any chances." Additional evidence presented at trial showed that defendant had a weapon in his possession when he was apprehended by the police. From this the jury could infer that the victim relinquished the money to the robber to prevent himself from being shot.
The remaining points raised by defendant concern the in court presence of the police dog used to capture defendant and a photograph of the dog taken in court which appeared in a local newspaper. Defendant urges that allowing the dog into the courtroom created sympathy for the police officer who was testifying and gave an aura of credence to the testimony of the officer. Defendant also contends that the photograph of the dog and it's caption in the Miami Herald prejudiced the jury and made it impossible for them to make a fair determination of the case.
We find these remaining arguments concerning the dog and the newspaper publicity to be without merit. The dog's presence in the courtroom did not create the reaction which defendant would have us believe. Further, the jury was polled following the appearance of the photograph and it's caption in the Miami Herald and only two jurors either saw the picture or read the caption and they stated they were not influenced to the extent that they could not render a fair and impartial verdict. Therefore, neither the presence of the dog in the courtroom nor the photograph which *543 was published in the newspaper with a caption will warrant a reversal.
Accordingly, the judgment herein appealed should be and is affirmed.
Affirmed.