303 So.2d 679 (1974)
Donnis Vincent HARDEN, Appellant,
v.
STATE of Florida, Appellee.
No. 74-523.
District Court of Appeal of Florida, Fourth District.
November 29, 1974.
*680 David B. Javits of Law Offices of Max P. Engel and Charles J. Rich, Miami, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Basil S. Diamond, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Affirmed.
WALDEN and CROSS, JJ., concur.
DOWNEY, J., specially concurs, with opinion.
DOWNEY, Judge (specially concurring).
While I agree the decision below should be affirmed, appellant's second point on appeal warrants comment. Said point questions the propriety of the prosecutor's interrogation of appellant regarding his past record.
On cross examination of appellant the prosecutor inquired if he had ever been convicted of a crime. Appellant responded that he had been convicted once. Later the prosecutor once again asked appellant how many times he had been convicted of a crime. Objection that it was repetitious was overruled. Appellant answered that he had been convicted of a felony once, adding that he was 16 years old at the time. Then the prosecutor asked, "What was the felony?" Appellant answered, "It was armed robbery." Counsel for appellant objected and it was sustained. No curative instruction was requested or given.
In this day and time we should be able to assume that trial counsel is familiar with the limitations upon inquiry into a defendant's criminal record, particularly those lawyers charged with the responsibility of prosecuting serious crimes. In McArthur v. Cook, Fla. 1957, 99 So.2d 565, Justice Thornal stated the proper questions counsel may ask regarding a witness' prior convictions, clearly defining the point at which the inquiry must stop. And there have been numerous cases before and since then which addressed themselves to the same point. See Mead v. State, Fla. 1956, 86 So.2d 773; Whitehead v. State, Fla. App. 1973, 279 So.2d 99. Thus, it is perplexing that we so often see records in criminal cases where prosecutors completely disregard the limitations on such inquiry. It would appear that under the stress of trial they allow their advocacy to exceed their responsibility so clearly defined in Rolle v. State, Fla.App. 1972, 268 So.2d 541:
"While a representative of the State Attorney's office must vigorously perform all his functions as a prosecutor, he also has the responsibility to ensure that the accused has a fair and impartial trial. Marsh v. State, Fla.App. 1967, 202 So.2d 222; Gonzalez v. State, Fla.App. 1957, 97 So.2d 127. Part of the prosecutor's responsibility is to refrain from striking the `foul blows' contemplated by the United States Supreme Court in Berger v. U.S., 295 U.S. 78, 55 S.Ct. 629, 79 L.Ed. 1314. At all times a prosecutor cannot overstep the bounds of propriety and fairness and he must not resort to improper methods to produce a wrongful conviction. Deas v. State, 119 Fla. 839, 161 So. 729 (1935); Berger, supra."
Many of the appeals in criminal cases today have only one troublesome point on appeal, i.e., improper prosecutorial comment during argument and/or improper inquiry into the defendant's past criminal *681 record. As pointed out in Rolle, supra, the state should be vigorously represented, but one's vigor cannot be unrestrained; it must be circumscribed by the rules applicable to criminal prosecution.
Certainly nothing new has been stated here, but I would hope that merely pointing up the problem might refresh the recollection of prosecutors regarding their responsibility and thereby perhaps obviate the frequency with which we face the problem.