PEARSON, Judge.
These appeals arise from the same cause. Thomas Dwyer was the plaintiff in an action to recover damages for breach of an employment contract with United States Ice Machine Manufacturing Corporation and defendants Burrell Leasing Company and Miami Ice Machine Company, upon a theory that these latter two companies were also liable on the contract of employment. He suffered a final judgment upon a directed verdict dismissing the defendants, Burrell Leasing Company and Miami Ice Machine Company. Thomas Dwyer appeals this judgment.
The cause was tried upon Dwyer’s claim for damages against United States Ice Machine Manufacturing Corporation. The jury returned a verdict for the plaintiff and the defendant, United States Ice Machine Manufacturing Corporation, appeals that judgment.
With regard to Dwyer’s appeal from the order dismissing Burrell Leasing Company and Miami Ice Machine Company, we hold that upon this record the court correctly directed a verdict for these defendants on the ground that the evidence presented was insufficient to support a finding by the jury that these companies were the alter egos of United States Ice Machine Manufacturing Corporation in their dealings with the plaintiff Dwyer. See the legal principle in Levenstein v. Sapiro, 279 So.2d 858 (Fla.1973); and Bermil Corporation v. Sawyer, 353 So.2d 579 (Fla. 3d DCA 1977).
With regard to the appeal by United States Ice Machine Manufacturing Corporation from the judgment against it, it is argued as a point on appeal that it was error to exclude from the evidence a written agreement between Dwyer and his former employer which could be read by the jury as placing Dwyer under obligations to his former employer which obligations were inconsistent with his performance under the contract upon which he is now claiming damages. An examination of the record shows that the central issue placed before the jury was whether or not the termination of Dwyer’s employment was due to the fact that he was wrongfully discharged or that he was properly discharged for a failure to perform his contract of employment according to its terms. It thus was necessary for the jury to decide whether Dwyer properly performed his contract of employment prior to his discharge. The legal obligations of Dwyer to his former employer after the termination of that employment were relevant to his ability to perform the contract upon which his suit was based. Because of its relevancy to that issue, it was error to exclude the contract with the former employer which contained restrictive covenants and obligations imposed upon Dwyer having effect after the termination of his employment.
Dwyer’s argument that the exclusion of the contract from evidence may be held to be harmless error because some of its terms were discussed on cross-examination is not tenable on this record because the contract in its entirety was relevant. We also hold that Dwyer’s position that the contract, on its face, was unenforceable in some of its provisions is not necessarily legally correct and is not a basis for the exclusion of the contract as a whole.
*1255 Having found reversible error in the failure to admit substantial, relevant evidence, the judgment based upon the jury verdict must be reversed and the cause remanded for a new trial. See Prior v. Oglesby, 50 Fla. 248, 39 So. 593 (1905); see also McBrayer v. State, 112 Fla. 415, 150 So. 736 (1933).
Having reached the conclusion that the cause must be retried, it is unnecessary to discuss the additional points presented upon the appeal by United States Ice Machine Manufacturing Corporation.
Accordingly, the judgment upon the directed verdict for the defendants Burrell Leasing Company and Miami Ice Machine Company is affirmed, the judgment against United States Ice Machine Manufacturing Corporation is reversed and the cause is remanded for a new trial upon the complaint against that defendant.
Affirmed in part, reversed in part and remanded.