CAMPBELL, Judge.
Appellant, convicted of second degree murder for the death of his friend, Wagner, argues that the court should have given the jury his proposed instruction on assisting self-murder, which is now defined *277 in section 782.08, Florida Statutes (1989). We disagree.
The only case that appears to address the offense of assisting self-murder is Patrick v. State, 117 Fla. 432, 158 So. 101 (Fla.1934), which is not cited to us by appellant.
In Patrick, the defendant was charged by indictment with first degree murder by shooting the victim, and the court gave a requested jury instruction of assisting self-murder. The supreme court found that since the indictment charged the defendant with actually shooting the victim, it was error to charge the jury on a theory of assisting self-murder that involved the victim shooting himself with assistance from the defendant. The supreme court, therefore, was defining the offense of self-murder as one where the decedent fires the fatal shot and is assisted or aided by the defendant. In contrast, in murder, the defendant, not the decedent, fires the fatal shot.
Since appellant concedes that it is uncontested that he fired the fatal shot, there was no evidence that would have supported giving the assisting self-murder instruction in this case. Further, because assisting self-murder is not a necessarily lesser included offense of murder (see Patrick), the court was not required to give the assisting self-murder instruction as part of the charges on murder.
Finally, as noted by the state, euthanasia is not a defense to murder. Gilbert v. State, 487 So.2d 1185 (Fla. 4th DCA), rev. denied, 494 So.2d 1150 (Fla.1986).
We affirm.
DANAHY, A.C.J., and ALTENBERND, J., concur.