O. P. SMITH, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

CRIMINAL LAW—CONTINUANCE ON GROUND OF ABSENCE OF COUNSEL—EVIDENCE.

1. An application for continuance on the ground of the absence of leading counsel is properly refused when unsupported by affidavit, and when it is not shown that other counsel present for the defense are not for any reason equally as well qualified and equipped for the conduct of the defense as the absent counsel.

2. An indictment, charging the defendant on trial for homicide with the larceny of cattle of the deceased, that was presented by the grand jury prior to the homicide, is admissible in evidence on such trial for homicide as tending to establish motive.

3. Statements of the deceased, made after receiving the wounds that produced his death, that were not part of the *res gestae,* and that were not made under the circumstances that would admit them as dying declarations, are not admissible in evidence on a trial for such homicide.

This case was decided by the court *En Banc.*

Writ of error to the Circuit Court for Madison county.

The facts in the case are stated in the opinion of the court.

*C. J. Hardee* and *J. N. Stripling* for plaintiff in error.

*W. H. Ellis,* Attorney-General, for the State.

TAYLOR, C. J.—The plaintiff in error, O. P. Smith, was indicted in the Circuit Court of Madison county for the crime of murder in the first degree, and on his trial was convicted thereof, the jury, under the statute, recommending the mercy of the court, which reduced the sentence to life imprisonment, to review which trial the defendant comes here by writ of error. Before proceeding with the trial the defendant moved for a continuance of his case on the ground of the absence of his leading counsel, who was absent because of ill health. This motion was denied, and such ruling constitutes the first assignment of error. No affidavit was filed in support of the motion, neither was it shown that the defendant could not with safety proceed to trial in the absence of such counsel, nor was it pretended to be shown that other counsel who were present in his defense were not as well qualified in every respect as the absent counsel to present and conduct such defense. Under these circumstances we can not adjudge that in the denial of such application for continuance there was any such abuse of the discretion with which the trial judges are vested in such cases, as that it can be held to be error.

On the cross-examination of a State witness the defendant's counsel exhibited to the witness a diagram and asked him the following questions: "Did you not at a former trial of this cause testify that Smith was standing near the counter, that McClelland was standing near him, just west of him, and that Jenkins was standing behind McClelland; and did you not locate the positions of the parties on the diagram which I now hand you?" "Look at the diagram in your hand and state if you did not at the last trial locate the position of Smith, the defendant, McClelland and Jenkins as thereon indicated?" To which questions the State Attorney objected, and the court ruled that the objection should be sustained unless the witness could identify the diagram. The witness stated in answer to both questions

that he could not identify the diagram, whereupon the court sustained the objections and excluded the questions, to which ruling the defendant excepted and these rulings are assigned as the second and third errors. The witness in point of fact practically answered both of the questions, when he stated that he could not identify the diagram. Such answers were equivalent to saying that inasmuch as he could not identify the diagram shown him he did not know whether or not he had located on it the positions of the parties enquired about, for this reason, if for no other, no harm could have resulted to the defendant from the exclusion of the questions in the form as put to the witness.

What is said above in reference to the second and third assignments of error fully covers and disposes of the fourth assignment of error also.

The court over the defendant's objection admitted in evidence an indictment presented by the grand jury of said county of Madison against O. P. Smith of said county charging him with the larceny in said county of one cow, the property of Jerry McClelland, which indictment showed that it had been found by the grand jury prior to the homicide, this ruling constitutes the fifth assignment of error. There was no error here. The indictment tended to show that the deceased was prosecuting the defendant for stealing his cattle, and furnished a strong motive for murder and it was, therefore, both pertinent and admissible. *Mann v. State,* 22 Fla. 600. The indictment on its face was admissible on the question of motive for the homicide, but if, as is contended here, the State subsequently wholly failed to identify the O. P. Smith named in such indictment as being the same O. P. Smith on trial, or failed to identify the Jerry McClelland named in said indictment as the owner of the cow therein alleged to have been stolen, as being the same person for whose death the defendant was on trial, the defendant should have moved to strike out such indictment from evidence, which he failed to do.

The sixth and seventh assignments of error are predicated upon the refusal of the court to admit in evidence conversations had by the deceased with two witnesses subsequently to the infliction of the wound upon him. These conversations were not admissible as dying declarations because no predicate was laid for the introduction of such declarations, and under the circumstances under which they were had, and from their nature, they were not part of the *res gestae,* and, consequently, there was no error in their exclusion.

The eighth assignment of error is predicated upon the refusal of the court to give to the jury the following instruction requested by the defendant: "The burden is upon the State to prove to the satisfaction of each juror the guilt of the accused beyond a reasonable doubt. The verdict which you are to render must be the verdict of each individual juror, and unless each juror consents thereto, no verdict can properly be rendered. When you return to your room to consider your verdict, it will be proper for you to discuss the evidence and to express to each other your views of the case, but as above stated, the evidence must be such as to convince each juror of the guilt of the accused before you can arrive at a verdict. It is not the duty of any one of you to yield your own conscientious convictions produced by the evidence to the views of your fellows simply for the purpose of harmonizing. Before the defendant can be convicted he is entitled to have the deliberate judgment of twelve men; each juror must be able to say: I am satisfied from the evidence beyond a reasonable doubt of the guilt of the defendant." The court charged fully and properly on the question of reasonable doubt. The above charge differs materially from the charges approved by this court in the cases of *Myers v. State,* 43 Fla. 500, 31 South. Rep. 275; and *Sigsbee v. State,* 43 Fla. 524, 30 South. Rep. 816, and for the reasons stated in *Cook v. State,* 46 Fla. 20, 35 South. Rep. 665, there was no error in its refusal. From its ingenious

phraseology it invited a mistrial rather than a conscientious agreement among the jurors upon a verdict.

The refusal of the judge to give several other requested instructions form the basis of several other assignments of error. We have examined these instructions and find that they are all substantially covered by the court's general charge to the jury, and that, therefore, there was no error in the refusal of the court to reiterate them as requested. This disposes of all the assignments that are argued here.

Finding that the evidence abundantly supports the verdict found and that there is no reversible error, the judgment of the Circuit Court in said cause is hereby affirmed, at the cost of the county of Madison, it appearing that the defendant is insolvent and unable to pay costs.

All concur, except CARTER, J., who is absent.