JACK LOCK, *Plaintiff in Error*, v. STATE OF FLORIDA, *Defendant in Error*.

Division B.

Opinion Filed August 1, 1927.

*J. McHenry Jones* and *Philip D. Beall,* Attorneys for Plaintiff in Error;

*J. B. Johnson,* Attorney General, and *H. E. Carter,* Assistant, for Defendant in Error.

PER CURIAM.—In this case the plaintiff in error, together with three others, was indicted for murder in the first degree, the plaintiff in error being indicted as the

principal in the first degree and the other three being in-
dicted as principals in the second degree. The plaintiff
in error was convicted of murder in the first degree with
recommendation for mercy and his three co-defendants
were acquitted. When the case came on for trial the State
moved for continuance upon the ground that a material
witness was absent and that if such witness were present
he would testify, as follows:

"That on the 26th day of December, 1926, she and her
husband, Ed Gunlick, were at their home in Escambia
County, late in the afternoon of the said day; that her
husband, Ed Gunlick, was drawing water from a well just
in front and south of the residence erected upon their
farm in this county, by means of a crank arrangement
upon said well, and that he was using his right arm to
turn said crank, and that he was facing south while so
drawing water, that as he was in the act of so doing, the
defendant Jack Lock came into view and that without any
words being spoken by either the said Jack Lock or her said
husband, Ed Gunlick, the said Jack Lock placed himself
behind a tree about 100 feet from the said Ed Gunlick and
fired four shots in the direction of her said husband, two
of the said shots striking the said Ed Gunlick, a third
going between the well and the house, and the fourth
entering the house; that Ed Gunlick thereupon stag-
gered toward the house and fell at the doorstep mortally
wounded; that an automobile was standing at all times
during the shooting about 150 yards from the house, and
that immediately upon the said Jack Lock having fired
the said shots, he returned to the automobile, and was
driven away therein."

Motion for continuance was opposed and upon the court
announcing that he would grant the continuance and allow
the defendants bail, defendants announced "that they

would admit that the witness, Mrs. Joe Ed Gunlick, if present at the trial would testify to the facts set forth in the affidavit as her evidence but not that said statement was true; nor that her testimony was true.'' The State agreed upon this condition to proceed with the trial.

Trial was had during the progress of which the statement embraced in the motion for continuance hereinabove quoted was offered in evidence under the terms of the agreement between the State and the defendants.

After the verdict was returned the defendant, Lock, plaintiff in error here, embraced in his motion for a new trial among other things the ground numbered 5, as follows:

''That in the trial of said cause the testimony of Mrs. Joe Ed Gunlick by stipulation was that Jack Lock had shot her husband; that defendant has discovered new evidence since the former trial which evidence is material to the issue and not merely cumulative and corroborative and which by reasonable diligence on his part he could not have secured at the former trial; and that such evidence ought to produce a verdict in favor of the defendant at another trial; that such evidence is not merely such as to impeach the character of the witness and is such as will produce on another trial an opposite result from that in the previous trial on the merits; that the defendant was unable to secure the attendance of said witness at the former trial; that said witness was a witness for the State in the preliminary hearing and for some reason was not recognized; that her name appeared upon the back of the indictment as a witness in said cause, and that the return of the sheriff on the State's subpoena is that he could not find her to serve her for said trial; that he had no means of locating her or producing her at the trial; that he did not know that she would testify as set out hereinafter and

there was no means by which he could have ascertained same or produced her; that he is advised that said witness will now testify that she did state that Jim Foster had killed her husband and that at the time, to-wit: on or about December 29th, 1926, after the killing that she really did not know who did kill her husband. That the only testimony at said trial that this defendant did shoot her husband was the statement in the motion for continuance of the State as to what she would testify to if present, which the defendant admitted she would so testify to if present, but which they did not admit to be true; that said admission was made because there were four defendants charged with the offense, all of whom were incarcerated without bail and such a delay would have delayed the cause and caused them to remain in jail until the next term of court; and of the other defendants being brothers of this defendant, and one—a brother-in-law, who were acquitted by the jury.''

To which was attached an affidavit in the following language:

''STATE OF LOUISIANA
PARISH OF ORLEANS                    EXHIBIT ''A''

NEW ORLEANS, LA., MARCH 3, 1927.

Before me, John A. Woodville, a notary public, in and for this parish, personally came and appeared Mrs. Joe Edna Gunlick, a resident of Pineville, Escambia County, Florida, who being by me first duly sworn did depose and that she is the widow of Ed. Gunlick and that the statement made by affiant in the County Court at Pensacola, Fla., Escambia Fla., on or about 29 Dec. 1926, that Jim Foster killed her husband was made by her while she was excited and greatly wrought up and that she does not deny

making the statement but that at that time she really did not know who did kill her husband.

Joe Edna Gunlick

Sworn to and subscribed
before me this 3 March
1927.
   J. A. Woodville
       Notary Public.   1017 Maison Blanche Bldg.,
                  New Orleans, La.''

The motion for a new trial was denied and judgment was entered to which writ of error was taken. The record discloses no reversible error. The rule is too well settled to require any discussion that in a criminal case when a defendant admits what might be expected to be proved by an absent witness such admission when once made constitutes an admission not merely that the absent witness would have sworn to certain alleged facts, but also that the facts alleged are absolutely true. This rule in its full force and effect may be restricted as it was in the instant case by stipulation between counsel that the admission shall not be taken to be an admission of the absolute truth of the allegations but only an admission that the witness if present would testify to the state of facts as alleged. When the defendant has made this admission he places his case in the same status in which it would be if such witness went on the stand and testified to that state of facts without cross-examination and thereafter he cannot be heard to deny that the absent witness would have, if present, testified to the state of facts as alleged and stipulated. If the witness had been present and had testified to the state of facts as alleged (and the plaintiff in error here cannot deny that she would have so testified) then in that event the motion for a new trial would be governed by the

rule as stated in Killingsworth v. State, 90 Fla. 299; 105 Sou. 834, as follows:

"Motions for new trials upon the ground of newly discovered evidence should not be granted, where the evidence so discovered goes merely to impeach witnesses who testified at the trial, and where there is no showing that the defendant did not know of the existence of the evidence which he offers to produce at another trial and where there is no showing of diligence in discovering the evidence, and where it is in part cumulative, and does not go to the merits of the case."

We think the motion for a new trial was properly denied.

The judgment is affirmed.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur.

ELLIS, C. J., AND BROWN, J., concur in the opinion.

STRUM, J., did not participate.