H. C. BEARD, alias H. C. BAIRD, v. STATE.

180 So. 1
Division A.
Opinion Filed February 21, 1938.
Rehearing Denied April 7, 1938.

*H. H. McDonald* and *Zach H. Douglas,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Tyrus A. Norwood,* Assistant Attorney General, for the State.

BUFORD, J.—On trial under indictment charging murder in the first degree, accused was convicted of manslaughter and brings the judgment here for review on writ of error.

Four questions are presented for our consideration, as follows:

"Is an indictment charging the defendant on trial for homicide with armed robbery of one Dick Johnson admissible in evidence on such trial for homicide as tending to establish motive for the killing of one R. E. Wright, whose name appears as a witness upon the back of said indictment, and who the State attempted to show was the principal investigating officer surrounding the offense of armed robbery as charged in the indictment?"

II. "Did the Court err in admitting in evidence and allowing the same to be read to the jury over the timely objections of the defendant-in-error an indictment charging the defendant with armed robbery and which said indictment was returned over four years prior to the date of the alleged homicide and upon which indictment the name of the deceased R. E. Wright appeared as a witness but the evidence showed that the person alleged to have been robbed was one Dick Johnson and the admission of such evidence being allowed for the purpose of establishing motive for the homicide upon which the defendant was being tried."

III. "Where in a trial of the defendant for murder there was some evidence tending to prove that the deceased R. E. Wright was the aggressor, and the defendant proved by several witnesses threats that were made against him by the deceased R. E. Wright and after conviction of manslaughter and upon motion for a new trial being made upon newly discovered evidence consisting of threats made against the life of the defendant on the morning of and immediately prior to the time that the homicide occurred, should the Court have granted the motion for a new trial?"

IV. "Should the defendant's motion for a new trial have been granted when the State was allowed to introduce in evidence an indictment returned by the Grand Jury against the defendant more than four years prior to the homicide upon which the defendant was being tried, it appearing from said indictment introduced in evidence that the deceased R. E. Wright was merely a witness upon the back of said indictment and was not the prosecuting witness, or the one in which said indictment named as having been robbed by the defendant?"

The record shows that the indictment referred to in above stated questions was introduced for the purpose of tending to show motive and its consideration was limited by appropriate instructions from the trial judge to that purpose. For that purpose it was admissible. See Smith v. State, 48 Fla. 307, 37 Sou. 573. But, aside from the rule that any material evidence tending to show motive is admissible on the trial of, one charged with the offense of murder in the first degree, the result of the trial in the instant case was such that the plaintiff in error can not complain because the verdict of the jury exonerated the accused of any degree of unlawful homicide where motive would be a factor. See Ward v. State, 75 Fla. 756, 79 Sou. 699; Patrick v. State, 117 Fla. 432, 158 Sou. 101.

The remaining question challenges the action of the trial court in overruling motion for new trial on the ground of newly discovered evidence.

In the case of Dixon v. State, 77 Fla. 143, 8 Sou. 741, it was held:

"Application for new trials upon the ground of newly discovered evidence are looked upon by courts with distrust and disfavor, and are granted only under the following restrictions: 1. The evidence must have been discovered since the former trial. 2. The party must have used

due diligence to procure it on the former trial. 3. It must be material to the issue. 4. It must go to the merits of the cause and not merely to impeach the character of the witness. 5. It must not be merely cumulative. 6. It must be such as ought to procure on another trial an opposite result of the merits."

See also Lock v. State, 94 Fla. 522, 114 Sou. 230.

As there is no showing made that the alleged threats referred to in the motion and affidavits were communicated to the defendant prior to the homicide the evidence of such threats having been made was merely cumulative. The record is replete with evidence of threats made by the deceased against the accused and there is evidence of at least one of such threats having been communicated to the accused. Due diligence is not shown in regard to procuring the evidence referred to in the motion at the trial of defendant.

It is shown that one of the witnesses referred to in the motion was a witness at the coroner's inquest and there is no showing as to what his testimony was at that time or that any effort had been made to procure his presence at the trial or that the absence of the witness was not with the knowledge and consent of the defendant.

The evidence was amply sufficient to have supported a verdict of a higher degree of homicide than that of manslaughter.

The record shows that deceased was some eight or ten feet from the defendant when the shooting occurred and that deceased was unarmed at the time he was shot.

The judgment must be affirmed.

So ordered.

Affirmed.

ELLIS, C. J., and TERRELL, J., concur.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.