PEARSON, Judge.
The defendant Mary Freeman was tried upon an indictment for first degree murder. The jury returned a verdict of guilty of manslaughter. The errors assigned and argued go to the rulings of the trial court at to the admissibility of certain evidence. Upon a review of the rulings necessary to pass upon the grounds for reversal, no error was found which affected the substantial rights of the appellant. The judgment appealed from is affirmed.
The appellant has assigned eighteen errors but has argued in her brief and upon oral argument only five of these. They are:
“2. Tlie trial court erred in admitting into evidence, over the objection of counsel for defendant, State’s Exhibit No. 41, 5 insurance policies, for that a proper predicate for the introduction of said exhibit was not laid, in that it was not shown that the defendant had knowledge of the existence of said policies, and, under the ' facts in this case, the same were not admissible for the purpose of showing motive.
“4. The trial court erred in sustaining the objection of counsel for the prosecution to the proffered testimony of the defendant, Mary N. Freeman, concerning prior acts of cruelty and violence on the part of the deceased, for that the same tended to prove the state of mind of the defendant and the deceased at the time of the homicide.
“5. The trial court erred in limiting the testimony of the defendant concerning prior acts of cruelty and vio *635 lence to events immediately prior to the fatal shooting.
“8. The trial court erred in sustaining objections to questions propounded to the witness, Charles H. Cameron, concerning what he observed the defendant’s physical condition to he on occasions prior to the fatal shooting.
“10. The trial court erred in sustaining the objection of the prosecution to the proffered testimony of the witness, Charles William Harris, concerning an act of violence on the part of the deceased toward the defendant.”
With respect to assignment “No. 2” it is only necessary to point out that the defendant was being tried for first degree murder, a crime in which motive is relevant as bearing upon premeditated design. The charge of which the defendant was found guilty by the jury does not include premeditated design; therefore, the defendant was found not guilty of premeditation and the disputed evidence did not enter into the conviction. Beard v. State, 131 Fla. 512, 180 So. 1. Even if there was error in the admission of the evidence, it was cured by the verdict of the jury which found the defendant guilty of manslaughter. Ward v. State, 75 Fla. 756, 79 So. 699; Coston v. State, 144 Fla. 676, 198 So. 467.
The remaining assignments of error must be considered against the background of the events leading up to the fatal shooting. The defendant and the deceased were married in August 1954. Both had been previously married and defendant’s three children as well as one child of the deceased lived with them. The marriage was a stormy one, punctuated by violence directed toward the wife and children by the deceased. The defendant left or prepared to leave her husband upon several occasions. Just before Christmas 1955 the decedent again struck his wife and she threatened to leave him; but again, appellant reconciled with her husband. The defendant testified she could not recall any violent act or threat of the deceased against her person from this reconciliation until the fatal shooting in February of 1956.
All of the testimony referred to in assignment Nos. 4, 5, 8 and 10 concerned incidents which occurred in the married life of the defendant and the deceased prior to the reconciliation in December of 1955. The testimony involved attempted to relate specific acts of violence by the deceased. Such facts have evidential value, only as they may have reasonably and naturally contributed to arousing genuine feelings by the defendant of imminent danger to her life or of great bodily harm to her, at the time of the fatal act, under the claim of self-defense. The general rule is that the known character of the deceased is admissible for that purpose. Proof of the character in question is properly made by evidence of the decedent’s general reputation in the community for such character and not by evidence of specific acts or general bad conduct. Garner v. State, 28 Fla. 113, 9 So. 835.
Some relaxation of this rule is apparent in more recent decisions of the Supreme Court of Florida. See Palm v. State, 135 Fla. 258, 184 So. 881. However the Court has also recognized that there must be some reasonable limitation upon this type of evidence. If this were not so, in many cases where self-defense is pleaded to the charge of homicide, the trial court might well find itself in a trial of the deceased rather than a trial of the accused. Even violent men are entitled to the protection of life. Therefore, the specific acts of violence, to be the proper subject of testimony, must have some relation to the claimed apprehension of the defendant at the time of the fatal act. The trial judge ruled that the specific acts of the defendant, as to which testimony was excluded, were too remote to be evidence of apprehension of bodily harm at the time *636 of the homicide. This ruling is substantiated by the intervening circumstances, in which the defendant voluntarily resumed cohabitation and actually lived peacefully with the deceased from the reconciliation in December until the shooting on February 6, 1956. In the case of Barwicks v. State, Fla.1955, 82 So.2d 356, where the defendant was convicted of murder in the first degree, the Supreme Court sustained a ruling of the trial court that proffered testimony that the deceased “cut” the appellant three or four weeks prior to the homicide was too remote, inasmuch as deceased and appellant lived together after their altercation. In view of the intervening circumstances the trial judge correctly excluded the testimony as to the' specific acts of violence.
Affirmed.
CARROLL, CHAS., C. J., and HORTON, J., concur.