253 So.2d 459 (1971)
Daniel WEEKS, Appellant,
v.
The STATE of Florida, Appellee.
No. 71-146.
District Court of Appeal of Florida, Third District.
October 19, 1971.
*460 Phillip A. Hubbart, Public Defender, and Lewis S. Kimler, Asst. Public Defender, Tom O. Watkins, Public Defender, Key West, for appellant.
Robert L. Shevin, Atty. Gen., and Arnold Ginsberg, Legal Intern, for appellee.
Before CHARLES CARROLL, HENDRY and BARKDULL, JJ.
HENDRY, Judge.
Defendant appeals the convictions and sentences entered pursuant to a jury verdict finding him guilty of narcotic violations. The defendant was charged by an information of two counts. The first count charged him with possession of amphetamines and the second count charged him with the sale of amphetamines in violation of § 404.02(1) and (4), Fla. Stat., 1969, F.S.A. The jury found him guilty as to both counts of the information. The court imposed sentences of eighteen months on count one and two years on count two. The sentences were to run concurrently.
The evidence shows that the possession and sale arose out of the same incident and occurred at the same time and place.
The defendant contends that the trial court erred in sentencing him for both possession and sale of the drugs when both arose out of the same transaction. We agree.
Only one sentence should have been imposed on the defendant and it should have been for the highest offense charged, i.e., the sale of amphetamines. Yost v. State, Fla.App. 1971, 243 So.2d 469.
Defendant's next contention is that the trial court erred in denying his motion for a new trial that set forth allegations supported by affidavits that new and material evidence of unknown witness has been discovered which would probably change the verdict. The motion further alleged that the defendant could not with reasonable diligence have discovered and produced upon trial the unknown witnesses.
The trial court in denying the motion for new trial stated:
"5. That the affidavits submitted at the time of this hearing bears upon the credability of the State's principal witness in respect to his own use of marijuana which he denied from the witness stand and said answer was not pursued further by counsel even though affiants were all minors and known to counsel prior to and at time of trial nor was permission asked or obtained from their natural guardians permitting them to testify without benefit of counsel in respect to their rights; counsel having the opportunity of deposing the principal's witnesses on January 14, 1971, fifteen days before trial. It is the Court's considered opinion that whether or not the witness *461 was a user of marijuana would not have destroyed his credability of the witness to the jury's consideration of both the testimony of the Defendant and his witnesses. Further, that after a very thorough examination and investigation of the three affiants by this Court, their credability is questionable and appears to be a plan of mutual assistance in time of need through past association.
"The affidavits in and to themselves as a basis for a motion for a new trial are determined by this Court not to be new or material evidence and would not have influenced the verdict and the Defendant could have, with reasonable diligence, produced the same at trial. * * *"
In Jones v. State, 35 Fla. 289, 17 So. 284, 285, in a murder prosecution in which the death sentence was imposed, the Florida Supreme Court stated: "If the other objections could be waived, and the merits of the matter [contained in the motion for new trial] considered, the court should not have granted a new trial merely to afford the defendant an opportunity to show that one of the state's witnesses has made statements inconsistent with his testimony at the trial." The rule is well-settled in Florida that motions for new trials upon the ground of newly discovered evidence should not be granted, where the evidence so discovered goes merely to impeach witnesses who testified at the trial. See: Lock v. State, 94 Fla. 522, 114 So. 230, 231. In Howard v. State, 36 Fla. 21, 17 So. 84, 85, the rule is expressed that:
"Applications for new trials upon the ground of newly-discovered evidence are looked upon by the courts with distrust and disfavor, and are granted only under the following restrictions: (1) The evidence must have been discovered since the former trial; (2) the party must have used due diligence to procure it on the former trial; (3) it must be material to the issue; (4) it must go to the merits of the cause, and not merely to impeach the character of a witness; (5) it must not be merely cumulative; (6) it must be such as ought to produce on another trial an opposite result on the merits."
See also Herndon v. State, 73 Fla. 451, 74 So. 511, 515-516. In the instant case the trial court indicated that the evidence presented by the affidavits did not meet standards numbered (2), (3), (4) and (6). No error has been made to appear as to the denial of the motion for new trial.
For the reasons stated the judgment appealed is affirmed but the cause is remanded to the trial court with directions to vacate the present sentence and that the defendant be presented to the trial court for proper sentence in accord herewith.
Affirmed in part and reversed in part with directions.