**STATE of Missouri, Respondent,**

v.

**Richard NELSON, Jr., Appellant.**

No. 57096.

Supreme Court of Missouri, Division No. 2.

July 17, 1972.

Motion for Rehearing or for Transfer to Court En Banc Denied Sept. 11, 1972.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Sp. Asst. Atty. Gen., St. Louis, for respondent.

John J. Hager, Jack E. Gant, Gant, Moran & Hager, Kansas City, for appellant.

STOCKARD, Commissioner.

Richard Nelson, Jr., was found guilty by a jury of assault with intent to kill without malice aforethought and sentenced to imprisonment for a term of three years. We affirm.

The sufficiency of the evidence to sustain the verdict is not challenged. Briefly stated, the evidence favorable to the verdict shows that on July 20, 1970 Elmer J. Howe, the owner of Howe Amusement Company and Howe's Vending Company, entered Louie's Tavern and purchased a beer. When he was leaving, appellant, who previously had been an employee of Mr. Howe and had been discharged, hit Mr. Howe on the head "once or twice" with a ballpeen hammer.

Over appellant's objection the trial court admitted in evidence Exhibit 6, a ballpeen hammer. Appellant asserts this was prejudicial error because Exhibit 6 was "not the actual hammer used in the alleged assault."

Mr. Howe testified that at the time of the assault he saw the hammer used by appellant, and that at the request of the prosecutor he had purchased a hammer of the "very same variety," that Exhibit 6 was the "closest replica" he could obtain, and that it was "exactly the same size." When appellant objected to the admission in evidence of Exhibit 6, the court stated that if there was proof that the actual hammer used was not available the objection would be overruled. Mr. Howe then testified that he last saw the hammer in appellant's possession, and that he did not then know where it was. Exhibit 6 was again offered in evidence, and appellant made no objection that there was insufficient proof of the unavailability of the hammer actually used.

As a general rule, demonstrative evidence is admissible in evidence if it is relevant, even though oral descriptions of the object might be given, provided there is no specific policy or principle to the contrary, State v. Wynne, 353 Mo. 276, 182 S.W.2d 294, and "models, casts and reproductions of relevant objects which are not available may be received, in the discretion of the court; this, of course, assumes that the reproduction, or model, fairly represents the conditions which it is offered to show." State v. McClain, Mo., 404 S.W.2d 186. Appellant does not contend that Exhibit 6 was not an exact duplicate of the hammer actually used. There was nothing inflammatory about the exhibit, there was no deception, and no one could have been misled by the use of Exhibit 6. A hammer was used in making the assault, and when that hammer was not available to the State, the demonstrative exhibit was relevant to one of the issues and was helpful to the jury in determining the intent with which the assault was made. We have examined the cases relied on by appellant and each is distinguishable on its facts. The trial court did not abuse its discretion in admitting Exhibit 6 in evidence.

Appellant next asserts that the trial court erred in admitting into evidence "the testimony of Mr. James Frank in regard to the shotgun shell and the testimony of Jean Spini in regard to prior conversation for the same were not a part of the *res gestae*."

The testimony to which this point has reference pertained to prior threats made by appellant, and the testimony was offered, and was admitted by the court, on the theory that it was relevant to prove appellant's intentions and from which the jury could infer his malice. To

**308**

be admissible on this theory the testimony need not refer to an incident constituting a part of the *res gestae*, and neither of the two cases cited and relied on by appellant so holds. Instead, State v. Marlin, Mo., 177 S.W.2d 485, holds that "remoteness of the threat is a relative matter and goes to its weight rather than its relevancy and admissibility." State v. Wynne, Mo., supra, does not pertain to the issue of the admissibility of threats, but instead ruled that it was error to present demonstrative evidence to a jury by using a gun which admittedly had no connection with the accused or the crime charged. In this case the testimony of Jean Spini, and the testimony of James Frank concerning the shotgun shell, was relevant to a material issue; that of appellant's malice aforethought, and it was not inadmissible because it was not a part of the *res gestae*. We further note that the jury found appellant not guilty of an assault with intent to kill with malice aforethought, but guilty of an assault with intent to kill without malice aforethought. Therefore, this testimony could not, in any event, have been prejudicial.

Appellant's final point is that the court erred in refusing to allow the testimony of J. C. Orrel. By way of offer of proof appellant stated that if permitted Mr. Orrel would testify that he previously had "an altercation" with Mr. Howe in which Mr. Howe "used a knife" on him, and that the fact of this altercation had been related to appellant.

■ The court instructed the jury on the issue of self-defense, and by the testimony of Mr. Orrel appellant sought to show that he had reason to be apprehensive of danger to his life or of great bodily harm. However, the general rule, and the rule recognized in this State, is that "the reputation or character of the person killed [or assaulted] for turbulence and violence cannot be established by proof of specific acts of violence on his part against persons other than the defendant." State v. Hicks,

Mo., 438 S.W.2d 215, 219. See also State v. Duncan, Mo., 467 S.W.2d 866, and State v. Smart, Mo., 328 S.W.2d 569. Appellant relies on State v. Shelton, 351 Mo. 799, 174 S.W.2d 202; State v. Dowling, 348 Mo. 589, 154 S.W.2d 749, and State v. Meinhardt, Mo., 82 S.W.2d 890. The Shelton and Meinhardt cases involve specific acts or statements by the victim of an assault directly involving the accused. The Dowling case is totally different on its facts. It pertains to the right to show that a prosecuting witness was to be an important witness in another case as bearing on the reason for an assault being made upon him. These cases do not afford a basis for the admission of the offered testimony of Mr. Orrel.

The judgment is affirmed.

HOUSER, C., concurs.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.