COMMONWEALTH *vs.* RICHARD M. COSTA. July 2, 1974. The defendant was tried by a jury on an indictment charging an assault with intent to murder, being armed with a dangerous weapon (G. L. c. 265, § 18), and was convicted of assault with intent to kill. *Commonwealth* v. *Demboski,* 283 Mass. 315 (1933). He appeals under G. L. c. 278, §§ 33A-33G, assigning as error the admission in evidence of "testimony of prior criminal acts of third parties" which the prosecution introduced to show a motive on the part of the defendant in shooting (on November 27, 1970) one Arigo, who, at a public meeting he had called on October 5, 1970, had urged that witnesses come forward and give the police information about the

murder of one of their group. Arigo had succeeded in persuading a number of them to accompany him to the police station; and, as a result of their story, a complaint was issued against a third person (X), who was arrested the next day for that murder and who was a friend of the defendant; the following day Arigo was shot in the hip from a passing automobile by an unknown assailant. The prosecution argued to the jury that the defendant was motivated in shooting Arigo by his instigation of the complaint against and the arrest of X. Accepting the defendant's contention that there was no sufficient showing that the defendant had any connection with the previous events (see *Commonwealth* v. *Caruso*, 251 Mass. 362, 367 [1925]; *Commonwealth* v. *Capalbo*, 308 Mass. 376, 381-382 [1941]; *Commonwealth* v. *Locke*, 338 Mass. 682, 689 [1959]), the evidence, so far as it bore on motive, was rendered immaterial by the jury's verdict that the defendant was guilty of assault with intent to kill rather than assault with intent to murder. *Commonwealth* v. *Meserve*, 154 Mass. 64, 69 (1891). *Beard* v. *State*, 131 Fla. 512 (1938). *Missouri* v. *Nelson*, 484 S. W. 2d 306, 308 (Mo. 1972). *Commonwealth* v. *Porter*, 449 Pa. 153, 165 (1972). Warren, Homicide, § 378, pp. 609-611 ("Error Cured by Verdict"), and cases cited. The verdict excludes malice and implies that, had the assault been successful, it would have resulted in the crime of manslaughter, to which motive is irrelevant. *Commonwealth* v. *Demboski*, 283 Mass. 315, 322 (1933). Further, the jury were instructed that the evidence of the relationship between X and the defendant and the evidence of the events of October 5 to October 7, 1970, was restricted to the issue of motive; and the defendant does not argue that the court's instructions were inadequate for that purpose. We need not decide whether more pointed instructions, had they been requested, might have been given, particularly in view of the prosecuting attorney's argument which exploited the evidence of motive to create the impression that the North End was pervaded by an atmosphere of intimidation of which Costa was a part. The prosecution's brief seeks, strangely enough, to justify the admission of the evidence as "relevant to the climate in which Costa's shooting of Arigo took place." (The citation to *Commonwealth* v. *Stone*, 321 Mass. 471, 474 [1947], which refers to a "unity of plot and design" to defraud, is obviously irrelevant.) The defendant's other two assignments of error argued are without merit. (a) The gun found in the vicinity of the crime, which a ballistics expert testified had fired the bullet lodged in the victim, was obviously admissible. (b) There is nothing in the defendant's contention that the trial judge abused his discretion in declaring certain prosecution witnesses hostile and subject to cross-examination by the prosecuting attorney. *Commonwealth* v. *LaFrance*, 361 Mass. 53, 57 (1972), and cases cited. We do not consider the appeal on the

indictment charging assault and battery with a dangerous weapon which was placed on file after a verdict of guilty. *Commonwealth v. Houston, ante,* 845 (1974).

*Judgment affirmed.*

*John P. White, Jr.,* for the defendant.

*Thomas J. Mundy, Jr.,* Assistant District Attorney, for the Commonwealth.