320 So.2d 853 (1975)
Robert COLBERT, Appellant,
v.
STATE of Florida, Appellee.
No. V-373.
District Court of Appeal of Florida, First District.
May 12, 1975.
Rehearing Denied July 28, 1975.
S. Gunter Toney, Tallahassee, for appellant.
Robert L. Shevin, Atty. Gen., and Richard W. Prospect, Asst. Atty. Gen., for appellee.
BOYER, Acting Chief Judge.
Appellant appeals his conviction for the possession and sale of heroin for which he has received a sentence of ten years in the State Prison.
Through testimony introduced by the State at trial, it was established that the appellant sold two packets of heroin to an undercover narcotics agent for $30 a packet. The agent, Ricardo Brown, who had been searched by police officers before the transaction to determine whether he already had heroin in his possession, was accompanied by Lannie Flemming, a former consort of the appellant, who was not searched before the transaction. In an attempt to rebut the foregoing testimony, *854 the defense called the bartender of the Harlem Bar, which was the site of the alleged narcotic sale, to the stand. The bartender, Mary Ramsey (also known as Baby Kate), testified on direct examination that she had observed no contact between Mr. Brown and the appellant but that there was contact between Ms. Flemming and the appellant. Seeking to impeach Ms. Ramsey's testimony, the State asked her whether she had made an agreement to sell heroin for the defendant after his trial. When the court overruled the defendant's objection to the question on the basis that the question was permissible to show interest of the witness in the outcome of the case, the witness answered in the negative. The State then attempted to confront Ms. Ramsey with a prior inconsistent statement. On the defendant's objection, the court again reiterated that showing an interest in the case was permissible but proof of the appellant's selling heroin at any other time or place would be immaterial, prejudicial, and possible grounds for a mistrial. Thereupon the State proceeded to confront Ms. Ramsey with prior inconsistent statements which indicated that the appellant desired her to sell drugs for him after his trial. The defense immediately moved the court to declare a mistrial on the ground that the questions and answers of the prior inconsistent statement evidenced a conspiracy to violate the dangerous drug laws, a separate independent crime, or, in the alternative, for an instruction to the jury to disregard the questions and answers read from the exhibit. The court denied this motion.
It is urged by the appellant that the court erred in allowing the State to impeach witness Ramsey on a collateral matter by admitting into evidence appellant's criminal act to hire Ms. Ramsey and deal in the sale of narcotics subsequent to the date of the offense for which the appellant was being tried. We agree.
We are here faced with a direct conflict between two rules of evidence. Supporting the State's position is the rule of evidence that the facts of a witness' interest in the action may be shown for the purpose of affecting his (or her) credibility. Pittman v. State, 1906, 51 Fla. 94, 41 So. 385. In the case sub judice, the State asserts that the alleged agreement between the witness Ramsey and the appellant to sell narcotics after the appellant's trial establishes the interest of the witness Ramsey in the outcome of the trial and therefore affects her credibility. Faced with the witness' denial of such an agreement between herself and the appellant to sell narcotics, the State also asserts that it can show such an agreement by confronting the witness with prior inconsistent statements. The State is quite correct that, generally, a witness may be impeached by evidence of her statements inconsistent with or contradictory of her testimony at trial. Taylor v. State, 1939, 139 Fla. 542, 190 So. 691.
However, we are here faced with another general rule of evidence, to-wit: Evidence of another and distinct crime committed by an accused, in no way connected by circumstances with the one for which he is being tried, is inadmissible. Winstead v. State, Sup.Ct.Fla. 1956, 91 So.2d 809. The underlying rationale of this rule is that evidence that a defendant has committed a similar crime has a tendency to promote a more ready belief by the jury that he might have committed the one for which he is charged, thereby predisposing the mind of the juror to believe the prisoner guilty. Nickels v. State, 1925, 90 Fla. 659, 106 So. 479. This Court has previously reversed the conviction of an alleged narcotics dealer when the State introduced evidence of narcotics sales other than the one for which the defendant was on trial. Denson v. State, Fla.App. 1st 1972, 264 So.2d 442. We are not here faced with the same clear-cut situation we faced in Denson because the State here has not introduced evidence of a separate crime committed by the appellant as part of the case *855 in chief but only in an attempt to impeach a witness: But the result is the same. The accused has a right not to be confronted at trial with alleged crimes allegedly committed subsequent to the crime for which he is being tried. Put another way, a defendant may not be tried for a crime for which he has not been properly charged.
Reversed and remanded for a new trial.
JOHNSON, J., and STURGIS, WALLACE E., Jr., Associate Judge, concur.