RAWLS, Acting Chief Judge.
Appellants-defendants Josey and Riley appeal judgments of conviction of malicious injury to the property of another, a road grader owned by Holmes County.
The primary issue posed by appellants is that the trial court erred in admitting into evidence the Holmes County Grand Jury presentments.
*120 Appellant Josey previously held the office of county commissioner in Holmes County and appellant Riley had been employed in the Holmes County Road Department. Political turmoil in the county resulted in two grand jury presentments; the first on April 11, 1973, and the second on May 9, 1973. The April 11 presentment generally castigated the county officers (clerk, sheriff, and county commissioners) for failure to cooperate. The May 9 presentment attributed the majority of the problems in county government to Josey and two other county commissioners and concluded with a recommendation that the governor suspend them from office for misfeasance and malfeasance. The governor accommodated the grand jury and suspended the three county commissioners, Josey being one of the three. Josey was restored to office by the Florida Senate on February 25, 1974, and on the same date, by information, was charged along with Riley with malicious injury to the personal property of another (a Holmes County road grader). Upon a change of venue, these two appellants were tried and found guilty by a Bay County petit jury.
The gist of the evidence adduced by the state is that Josey and Riley intentionally placed or caused to be placed metal filings and valve grinding compound into the engine of the road grader owned by Holmes County.[1] Motive was of paramount importance, and such was supplied by the state by introducing, over defense counsel’s objection, the above mentioned grand jury presentments.[2] The landmark case of Williams v. State[3] emphasizes that if proffered evidence is relevant to a material fact in issue, it is admissible even though it points to a separate crime. Of course, most information, including the fruits of the bearer of town gossip, might well be termed to be “relevant”; thus, the broad teachings of Williams are not sufficient to resolve the question of relevancy. Before admitting evidence, such as we now consider, the trial court must engage in a balancing process to determine whether the relevancy of the evidence is outweighed by the potential prejudice to the defendant. The balance was tipped in favor of the state in Dodson v. State,[4] but in Colbert v. State[5] relevant testimony was found to be inadmissible because the prejudice to the defendant outweighed the relevance. A review of the cases indicates that the balancing process must be employed on a case-by-case basis.
So, we return to the instant case. Why did Josey and Riley damage the instant road grader? What was their motive ? Surely the state had to adduce proof of the “malice” required by the “malicious” portion of the information, and just as surely the jury was entitled to be apprised of the state’s theory as to motive. A presentment is not of the evidentiary character of an indictment,[6] and save in exceptional circumstances we would be inclined to hold that a grand jury present *121 ment (or an indictment) would be inadmissible. However, under the facts of this case, the scales of admissibility weigh in the state’s favor. We have carefully considered appellants’ other points and find them to be without merit.
AFFIRMED.
MILLS and SMITH, JJ., concur.

. Sufficiency of the evidence is not challenged. We observe that the evidence overwhelmingly supports the verdicts of guilty.

. The question of expunging these presentments pursuant to holdings in State v. Interim Report of Grand Jury, 93 So.2d 99 (Fla.1957); In Re Gulf County Grand Jury, 224 So.2d 764 (Fla.App.lst 1969); and In Re Brevard Co. Grand Jury Int. Report, 249 So.2d 709 (Fla.App.4th 1971), was not raised and thus is not here involved.

. Williams v. State, 110 So.2d 654 (Fla.1959).

. Dodson v. State, 334 So.2d 305 (Fla.App. 1st 1976), opinion filed June 10, 1976, not yet reported.

. Colbert v. State, 320 So.2d 853 (Fla.App. 1st 1975).

. In Smith v. Stale, 48 Fla. 307, 37 So. 573 (1904), the Supreme Court held: “ . The indictment tended to show that the deceased was prosecuting the defendant for stealing his cattle, and furnished a strong motive for murder, and it was therefore both pertinent and admissible.” See also Beard v. State, 131 Fla. 512, 180 So. 1 (1938).