PER CURIAM.
Defendant McArthur Griffin seeks review of the order revoking his probation and imposition of sentence thereon.
Defendant’s sole contention for reversal is that the trial court denied him his right to a full and fair hearing and the effective *568 assistance of counsel because the trial court refused to grant defendant’s motion for continuance at the time of trial.
On December 12, 1973, defendant pled guilty to the charges of robbery and automobile theft. He was sentenced to one year imprisonment and a five year term of probation. The initial affidavit of violation of probation was filed on January 14, 1976, alleging that defendant had violated his probation by changing his residence without consent of his probation officer and by failing to make monthly reports. On March 15, 1976, four days prior to hearing, an amended affidavit of violation of probation was filed alleging the same violations as in the initial affidavit, but including additional charges: burglary of a dwelling, grand larceny and failing to report to his probation officer.
At the outset of the hearing on March 19, 1976, defendant’s counsel orally requested a continuance, stating as grounds therefor, in essence, that counsel did not have sufficient time to prepare his defense within the four day period after the amended affidavit was filed.
The trial court denied the motion. Testimony was adduced by the prosecution as to defendant’s violation of probation with respect to the matters in the initial affidavit as well as additional allegations contained in the second affidavit of violation of probation.
However, during the hearing on March 19, the court recessed the proceedings for further testimony until March 24, in order to afford the prosecution the opportunity to obtain expert testimony as to fingerprints, and at the same time, in effect, said defendant’s counsel could present the testimony of any witnesses he wished at the time of the further hearing. It is unclear from the record whether the trial judge meant defendant’s testimony with reference to the expert testimony as to fingerprints, or any testimony the defendant wished to adduce. At the hearing on March 24, defendant neither offered any evidence, nor requested a continuance. At the conclusion of the hearing on March 24, defendant’s probation was revoked on the grounds contained in the initial affidavit as well as the amended affidavit.
Rule 3.190, Florida Rules of Criminal Procedure, requires that pre-trial motions for continuance shall be in writing and signed, and further requires that the motion be accompanied by a certificate by movant’s counsel that the motion is made in good faith. No written motion was made by defendant’s counsel.
It is clear that granting a motion for continuance lies within the sound discretion of the trial court. Acree v. State, 153 Fla. 561, 15 So.2d 262 (1943). We cannot find, from the record before us, such abuse of discretion as to warrant reversal of the trial court’s denial of defendant’s motion for continuance. Robertson v. State, 64 Fla. 437, 60 So. 118 (1912); Diehl v. State, 117 Fla. 816, 158 So. 504 (1935); Lyles v. State, 312 So.2d 495 (Fla. 1st DCA 1975).
Affirmed.