**STATE of Missouri, Respondent,**

v.

**Lodiller STYLES, Appellant.**

**No. KCD 28893.**

Missouri Court of Appeals,
Kansas City District.

Dec. 5, 1977.

Clifford A. Cohen, Public Defender, Lee M. Nation, Asst. Public Defender, Judicial Circuit, Kansas City, for appellant.

John D. Ashcroft, Atty. Gen., Frank J. Murphy, Asst. Atty. Gen., Jefferson City, for respondent.

Before SHANGLER, P. J., and WELBORN and HIGGINS, Special Judges.

SHANGLER, Presiding Judge.

The defendant was convicted of carrying a concealed weapon and sentenced to imprisonment for a term of five years. There is no contention that the conviction was not on sufficient evidence, but only that certain pretrial incidents compromised the defendant before the jury and prejudiced the verdict against him.

The complaints were alleged from two episodes between the jail guards and the defendant, one during the process of jury selection and the other after the jury was empaneled, but both before actual commencement of trial. These complaints formed the grounds for an oral motion for mistrial by counsel for defendant which the court entertained, and then denied.

The hearing on the motion was unsupported except by the statements of counsel for defendant who merely related his observations of the incidents. As to the first

instance of misconduct, he told that while he and the prosecutor were in the course of their peremptory strikes, an argument erupted between the guards and defendant during which the guards vituperated that they would strike defendant if he did not keep quiet. At that time—his narration goes—two jurors happened to walk into the courtroom. The second instance was after the jury had been selected and released for lunch. The defendant complains that he was led in manacles through the entire jury panel to the elevator to replace him to jail custody for the recess, this despite the objections of counsel that defendant not be transported until the jury had cleared. The accumulation of these events, counsel contended to the court on motion, prejudiced the jury against the defendant and was basis for mistrial.

A motion for mistrial does not prove itself; bare statements of counsel without support of evidence offer no subject for review. *State v. Fields*, 487 S.W.2d 560, 561[1] (Mo.1972). The defendant called neither the guards, the jurors, nor offered himself to confirm the authenticity of his contentions. As a matter of principles, moreover, the comment of the trial court that from his own observation the guard personnel merely responded to the unruliness of the defendant by warnings, in the first instance, and manacles thereafter, reasonably explains the conduct of the jailers. The trial court has the primary charge to maintain orderly procedure in the courtroom. *State v. Martin*, 525 S.W.2d 804, 810[4, 5] (Mo.App.1975). The jury understands that part of this procedure is to handcuff a prisoner when taken from the courtroom to another place—to keep the prisoner from escape and the public from injury.

In any event, no evidence supports the motion allegation that the jurors saw the defendant taken in handcuffs from the courtroom to the jail, or that any of the episodes were other than fortuitous. The complaints do not warrant the drastic mistrial remedy.

The judgment is affirmed.

All concur.