PER CURIAM.
Robert W. Cox appeals an order revoking his probation and urges as reversible error the denial of his motion for continuance because defense counsel was not afforded adequate time to prepare the case and confer with him in derogation of his right to effective assistance of counsel. We do not agree.
Cox was convicted for issuing worthless checks and receiving stolen property, and was placed on four years probation. An affidavit of violation of probation was filed against him for having committed burglary and grand larceny. He was adjudicated indigent and an assistant public defender (Mr. Smith) was appointed. Eight days later at the revocation hearing another assistant public defender (Mr. Marvin) appeared on behalf of Cox and moved for a continuance because the previous day Smith had asked him to handle the hearing and he (Marvin) had just met Cox. The prosecution objected since all the witnesses had been subpoenaed to appear. The court denied the motion for continuance and at the conclusion of the hearing, revoked Cox’s probation. This appeal followed.
Cox contends that a change of counsel one day prior to trial necessitates the granting of a motion for continuance because new counsel is unprepared for trial. We cannot agree.
First, there is no specified time period which establishes as a matter of law a lack of preparation on the part of counsel so as to mandate a continuance. See Berriel v. State, 233 So.2d 163 (Fla. 4th DCA 1970). Second, the record reflects that a public defender, Mr. Smith, was appointed eight days prior to the revocation hearing and one day prior to trial another public defender, Mr. Marvin, agreed to handle this case for his associate. Mr. Smith and Mr. Marvin being from the same office or law firm, it cannot be said that there was a change of counsel in the sense that new counsel from a different office or firm had been substituted. See Roberts v. State, 345 So.2d 837 (Fla.3d DCA 1977) and Smith v. State, 48 Fla. 307, 37 So. 573 (1904). Last, we find that Marvin adequately represented Cox at the hearing and, thus, there was no abuse of discretion in denying the motion for continuance. See Smith, supra; Durcan v. State, 350 So.2d 525 (Fla.3d DCA 1977); Griffin v. State, 350 So.2d 567 (Fla.3d DCA 1977); Mobley v. State, 327 So.2d 900 (Fla.3d DCA 1976).
Affirmed.