Harold Count JOHNSON, Appellant,

v.

STATE of Missouri, Respondent.

No. 39689.

Missouri Court of Appeals,
St. Louis District,
Division Four.

Nov. 21, 1978.

---

Doris Gregory Black, St. Louis, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Stanley H. Robinson, Weldon P. Perry, Jr., Asst. Attys. Gen., Jefferson City, Courtney Goodman, Jr., Pros. Atty., Robert S. Adler, Asst. Pros. Atty., Clayton, for respondent.

DOWD, Presiding Judge.

Harold Count Johnson was found guilty by a jury of stealing property of a value over $50.00 and sentenced to imprisonment for a term of five years.[1]

In this appeal Johnson contends that the trial court erred in nine respects. As appellant's eighth and ninth points challenge the sufficiency of the evidence, we shall consider them first.

Specifically, the eighth and ninth points relied on by the appellant contain the allegation that the trial court erred in overruling his motion for a judgment of acquittal at the close of the State's case, and at the close of all the evidence.

■ In reviewing such an issue we are required to interpret the evidence in a light most favorable to the State, drawing all reasonable inferences therefrom in favor of the State. The State's evidence is to be accepted as true, and inferences inconsistent therewith are to be disregarded. *State v. Oldham,* 546 S.W.2d 766 (Mo.App.1977).

■ The testimony adduced at trial revealed that the appellant was observed by two witnesses removing a leather coat from the store rack, and later placing it and two other coats in a shopping bag. Appellant was apprehended when he and another attempted to leave the store without paying for the coats.

We affirm the trial court's denial of appellant's motions for acquittal. There was substantial evidence to support the jury's verdict against the defendant.

In his first point, appellant contends that the trial court erred in overruling his objection to the jury panel, for the reason that the jury was not composed of his peers. At the heart of this allegation lies the assertion that the jury was unacceptable because it was composed of middle-aged white people.

■ At the outset, it must be noted that our State and Federal Constitutions provide that an accused is entitled to a jury which is impartial rather than one which is composed of the defendant's peers. *State v. Jackson,* 506 S.W.2d 424 (Mo.1974).

■ There is no evidence in the record which demonstrates that black people were systematically excluded from the panel of jurors sworn at appellant's trial. In fact, the record reveals that the trial court took judicial notice of the system by which the names of prospective jurors are obtained in St. Louis County. The names are furnished from a list of registered voters which is compiled by the St. Louis County Board of

---

1. Appellant was charged with acting with another to accomplish the theft of 3 leather coats from the J. C. Penney Store in Northwest Plaza, St. Ann, Missouri. Two previous trials of this cause against the appellant resulted in mistrials.

Election Commission, and a list of those who are registered to operate motor vehicles and who reside in St. Louis County, which is compiled by the State Director of Revenue.

As there is no substantiation in the record which supports appellant's contention, we rule this point against appellant.

■ Appellant's second point contains the allegation that the trial court erred in admitting into evidence, on cross examination, the transcript of a defense witness' guilty plea. In an earlier proceeding, the defense witness, Marcus Buckner, pleaded guilty to the crime for which appellant was being tried. The transcript contained a statement by Buckner which implied that he had an accomplice in the theft of the coats.

Appellant contends that the State had a duty under Rule 25 to make the transcript available to the appellant, following receipt of appellant's motion to produce written and recorded statements of a defendant or codefendant.

We are of the opinion that the State was not required by Rule 25.32 to disclose this impeachment evidence. Rule 25.32 mandates, *inter alia,* the disclosure of statements made by the defendant, a codefendant, and prosecution witnesses. Similar discovery statutes which provide for the disclosure of statements of codefendant have been narrowly construed to include statements which are to be introduced at joint trial or which negate the guilt of the accused. § 2.1, ABA Standards Relating to Discovery & Procedure Before Trial, Approved Draft, 1970.

The statement at issue here, however, was neither favorable to the accused nor uttered by a member of the statutory categories enumerated in Rule 25.32. Here the impeachment testimony complained of was that of an accomplice called by the defense, and not a co-defendant. Accordingly, we rule this point against the appellant.

As appellant's third and sixth points share the same factual nexus, they have been consolidated for the sake of cohesive discussion. In his third point, appellant asserts that the trial court erred in admitting into evidence, a shopping bag similar to that used by the appellant in the perpetration of the felony. In his sixth point, appellant contends that the trial court erred in denying his motion for a mistrial following the State's calling of an unendorsed witness to explain the use of the duplicate bag.

These allegations of error stem from the admission into evidence of a duplicate of the shopping bag which was used by the appellant to contain the coats which were stolen from J. C. Penney. Appellant objected to the introduction of said bag because the State's witness identified the bag as the same as that used in the commission of the crime. In response to this objection, the State offered the testimony of an assistant prosecuting attorney to explain the absence of the original shopping bag. The witness testified that at the appellant's second trial, the original shopping bag was discovered missing following a discussion in chambers. The State's witness who had previously identified the bag had not been informed of the disappearance of the original bag.

■ If demonstrative evidence is not available at the trial, a replica of the absent object may be admitted into evidence in the discretion of the trial court. *State v. Nelson,* 484 S.W.2d 306 (Mo.1972).

■ It is apparent that the unavailability of the original and the corresponding misstatement of the witness were satisfactorily explained to the trial court. *See, State v. Stephens,* 556 S.W.2d 722 (Mo.App.1977).

We find no abuse of discretion in the admission of the duplicate bag.

■ Furthermore, we find no abuse of discretion in the court's denial of the appellant's motion for a mistrial. It is within the discretionary powers of the trial court to permit the endorsement of the names of additional witnesses.

In the exercise of this discretion, matters such as whether the State acted in bad faith, resulting surprise to the defendant, and the foreseeability of the testimony, are

taken into consideration. *State v. Strawther,* 476 S.W.2d 576 (Mo. 1972). There is no indication in the record to support the assertion that the endorsement was calculated to deceive, surprise or prejudice the defendant.

If, however, the defendant is able to demonstrate that he was prejudiced by the testimony of the unendorsed witness, the conviction will be reversed. *State v. Parks,* 331 S.W.2d 547 (Mo.1960).

After searching the record and briefs, we find no substantiation of the allegation that the defendant sustained prejudice due to the testimony of the unendorsed witness.

Accordingly, we rule points three and six against the appellant.

Appellant alleges in his fourth point that the court erred in admitting into evidence a diagram which was represented as a scaled drawing of the floor plan of the J. C. Penney Store. It is clear from the transcript however, that the diagram was not portrayed as a scaled floor chart. In fact, the security manager testified that the floor plan was not drawn to scale, but presented a good visual representation of the store layout.

Exhibits which are not drawn to scale are admissible in evidence if they aid the jury in understanding the testimony of a witness. *State v. Smith,* 357 S.W.2d 120 (Mo.1962). *State v. Anderson,* 555 S.W.2d 362 (Mo.App.1977). We rule this point against the appellant, for the reason that the diagram was properly admitted as a perceptual aid for the jury.

In his fifth point, appellant alleges that the trial court erred in requiring the introduction into evidence of a certified copy of a death certificate to document the unavailability of a deceased witness. The record reveals that the appellant offered the exhibit, the introduction of which he now complains.

There is no objection to the admission of the exhibit in the record, nor is there support for appellant's contention that partial admissibility was requested. As the appel-lant failed to object to the admission of the exhibit at his earliest opportunity, the objection is deemed to have been waived. *State v. Henderson,* 510 S.W.2d 813 (Mo. App.1974).

Appellant's seventh point contains the allegation that the trial court erred in denying his motion for a mistrial at the close of all the evidence. The motion was predicated on the allegation that a defense witness, Marcus Buckner, had been subjected to the threat of arrest by a security officer during a court recess. A mistrial was requested on the grounds that the apprehension created by the threat of arrest adversely affected Buckner's ability to respond on cross examination.

Although the allegation regarding the threat of arrest is present in the record, there is no substantiation of it. The defendant called neither the guard nor the defense witness to confirm the authenticity of the contention. "A motion for mistrial does not prove itself; bare statements of counsel without [the] support of evidence offer no subject for review." *State v. Styles,* 559 S.W.2d 591, 592 (Mo.App.1977).

Accordingly, we rule this point against the appellant.

The judgment is affirmed.

CRIST, J., and ALDEN A. STOCKARD, Special Judge, concur.